## Highway Commissioners of Sault Ste. Marie v. Martin Van Dusan.

### *Ultra vires—Ratification.*

A municipal corporation cannot ratify an act which it would have been positively unlawful for it to do. But this rule cannot affect proceedings to recover back money or property obtained by an act done *ultra vires*.

Highway commissioners cannot bind their township by a partial payment for work which the township could not have authorized; such as the digging of a sewer within another jurisdiction.

The recovery of money obtained through a transgression of power does not affirm, but denies the existence of the power.

An act that might originally have been so done as to be binding, may be so ratified or assumed as to bind the immediate parties.

Error to Chippewa. Submitted Jan. 30. Decided April 8.

ASSUMPSIT.  Defendants bring error.

*Geo. W. Brown* and *Austin Blair* for plaintiffs in error. He only can ratify who might have authorized. *M'Laughlin v. D. & M. R. R. Co.,* 8 Mich., 103; *Chamberlain v. Dow,* 10 Mich., 324; *Newsom v. Hart,* 14 Mich., 233; *Peninsular Bank v. Hanmer,* 14 Mich., 208.

*Brennan & Donnelly* for defendant in error.

GRAVES, J.  Van Dusan sued on the common counts for services in making a sewer.  A written agreement had been signed and he claimed for an unpaid portion of the agreed price and for some items supposed to be outside of the express terms, but asserted to be justly chargeable.  It appears that recovery was opposed on several grounds, but vainly.  The main one seems to have been that the improvement as contracted for and carried out was not in a part of the township open to the exercise of such authority or where such things could be done at township cost, but was upon territory which in fact was under separate village government, namely, the village of "Sault Ste Marie."

The charge informs us that there was evidence in support of this view and evidence likewise that the township had paid a portion of the contract price, and the learned judge ruled in substance that admitting the commissioners had no power to contract for the sewer by reason of its location out of town authority and in the village, it was still competent for the jury to find that in paying part of the price the township affirmed the contract and made the transaction binding.

We cannot concur in this statement of the law. According to the hypothesis the case was such that if all the township electors and all the township officers had united or assented in any mode or under any particular

formalities the original transaction would have been invalid, and the principle of law is that a corporation cannot ratify an act which it could not have done when it occurred. *Taymouth v. Koehler*, 35 Mich., 22; *Marsh v. Fulton Co.*, 10 Wall., 676; *Horton v. Town of Thompson*, 71 N. Y., 513; *McCracken v. San Francisco*, 16 Cal., 591; *Ashbury Railway Carriage & Iron Co. v. Riche*, L. R., 7 H. L., 653: 14 Eng., 42.

Were it not so our whole scheme of laws for confining corporations within determined bounds would be in danger of subversion. A principle of unlimited self expansion would be admitted. In order to grasp ungranted power nothing more would be necessary than to act beyond the limits of authority and then assume the act as one of force and binding efficacy.

This rule that a corporation cannot vitalize and substantiate something it has no original power to do, and which if done as matter of fact is absolutely void in point of law, has no bearing on those cases where property or money obtained beyond power is required to be disgorged, or to cases where the fault in question is the want of formalities or the neglect of methods, and the irregularity is not such as to render the proceeding positively void.

The recovery of money or property obtained and held through transgression of power does not affirm the power. It denies it. The ground of reclamation is the denial of the adverse title, and wherever the act in controversy might have been so done originally as to bind, there is no principle in the way of a subsequent binding ratification or assumption so far as respects the immediate parties.

The case before us is one where the township authorities had no power and where the township itself gained nothing. For the purpose of the question the improvement might as well have been made in another State.

One or two other questions are mooted which would deserve notice if sufficient facts were shown, but the

record does not disclose enough for the purpose. The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.