Edward M. Carey v. The City of East Saginaw.

*Municipal corporations—Contract—Purchase of sewer-pipe—
Estoppel.*

1. Where the board of sewer commissioners are authorized to purchase sewer-pipe for the use of the city, and they receive bids under a proper advertisement, and award the contract to the lowest bidder, who after such award, and prior to the preparation by the city attorney of a contract which the charter requires him to draw on being furnished by the board with the necessary plans and specifications, which is to be approved and executed by the board, furnishes material, in accordance with the bid and award, to the sewer board, and they receive it, and place it in the sewer, they are estopped from setting up as a defense, in a suit to recover for such material, their neglect to procure the drafting of the contract, or that any officer for the city has neglected to perform the clerical or ministerial work devolving upon him by the charter, and are bound to pay whatever such material is reasonably worth.

2. Under a charter providing that contracts for furnishing material to the board of sewer commissioners of a city shall be awarded to the lowest bidder who will give good and sufficient security, as *required by said board,* for the performance of the contract, the board, in not requiring security in a given case, exercise a discretion vested in them by the charter, and the fact of such security not being given is no defense in a suit by the contractor to recover for material furnished.

Error to Saginaw. (Gage, J.) Submitted on briefs November 12, 1889. Decided December 28, 1889.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*James H. Davitt,* for appellant, contended:

1. The advertisement, bid, and acceptance of the bid did not constitute a contract, and to hold that they did is to repeal by construction as plain and positive a statutory provision as was ever enacted. If our construction of the charter provision

is correct, the case presents but one question, was the city liable upon an implied *assumpsit?* We believe the contrary is established by the following authorities: *Detroit v. Paving Co.,* 36 Mich. 335; *Detroit v. Robinson,* 38 Id. 108; *McBrian v. Grand Rapids,* 56 Id. 95; *Water Works v. Niles,* 59 Id. 312; *McDonald v. Mayor,* 68 N. Y. 23; *Richardson v. Grant Co.,* 27 Fed. Rep. 495; *Louisiana v. Wood,* 102 U. S. 294.

*Brooks & Conway,* for plaintiff, contended:

1. It is not claimed that a municipal corporation can give its charter any construction it pleases, but where the charter is ambiguous, and a city adopts a construction that it will fairly bear, the city will not afterwards be permitted to repudiate such construction, and adopt a different one, to escape an obligation; citing *Port Huron v. McCall,* 46 Mich. 565, 573, 574; *Bank v. Springfield,* 4 Fed. Rep. 276, 277.

2. As plaintiff actually delivered the pipe, and the sewer board received and used it,—a contract being within the general powers of the board, not opposed to public policy, or morally wrong,— the city would be liable for the value of the pipe, even though there had been no contract; citing *Taymouth v. Koehler,* 35 Mich. 22, 27; *Detroit v. Paving Co.,* 36 Id. 341, 344, 345; *Day v. Buggy Co.,* 57 Id. 148; *Mills v. Gleason,* 11 Wis. 470.

SHERWOOD, C. J. This suit was brought to recover for a quantity of sewer-pipe sold and delivered by plaintiff to the defendant, or rather to its sewer board, acting for the city, in 1881; the balance of the account for which the plaintiff claims being $390.06, with interest from July 15, 1881.

The declaration was upon the common counts. Plea, general issue, with notice of recoupment, on the ground that plaintiff warranted the pipe strong and perfect, and to be made of good material, and fit for the purpose of sewer construction, whereas defendant avers that said pipe failed in all these particulars, to defendant's damage. The cause was tried before Judge Gage, in the Saginaw circuit, who directed the verdict for plaintiff.

Plaintiff gave testimony showing that the city was authorized to construct the sewer, and that the sewer

board could make the contract for the purpose; also, that proposals were advertised for, for the construction of the sewer, and that the board awarded to plaintiff the furnishing of the pipe, and that it was furnished by him, to the sewer board, at the proposed price, and was used in the sewers of the city with the knowledge of the authorities having the sewer matters in charge.

Counsel for defendant in this Court contends—

1. That the contract of purchase of the pipe should have been in writing.

2. That plaintiff should have furnished security for its performance.

3. The pipe was not according to the specifications on file.

4. That the law authorizing the board of sewer commissioners to contract for the pipe in question was disregarded in making such purchase.

The record states that it was conceded by counsel for both parties that everything had been done which the charter of defendant required, up to the time of receiving bids for the material for the recovery of which this suit was brought; that there was a proper advertisement for proposals by the sewer board; and that plaintiff made a bid for the sale of the pipe. The testimony also shows that the plaintiff's bid was the lowest made, and was accepted by the board of sewer commissioners; and that they awarded the contract for furnishing the pipe in question to the plaintiff. It also appeared from the evidence that plaintiff was of the impression that there was a written contract made for furnishing the pipe, besides the acceptance of the bid and awarding the contract to plaintiff; also, that the pipe was delivered, under the bid and award, to the sewer board, and had been used by the city. Plaintiff also gave testimony to the effect that the defendant was to pay for the pipe when delivered, and of the amount remaining unpaid. The foregoing facts are

substantially undisputed, and are sufficient to entitle the plaintiff to recover.

Much stress was laid upon the fact that it did not appear from the proof, sufficiently, that a written contract was entered into between the plaintiff and the city for the purchase of the pipe. The section of the charter relating to this subject provides that, when the board of sewer commissioners shall have made their award from whom they will purchase the material, they shall furnish the city attorney with necessary plans and specifications of the work so awarded, and he shall draw the necessary contract for the work so awarded in accordance therewith; and, when approved by the board, it shall be executed on the part of the city by the board, and attested by the clerk, under the corporate seal of the city, and shall be kept with the board.

It is unnecessary to decide how far this provision of the statute applies to a purchase like the one in question, as we fully agree with the holding of the circuit judge that where the board of sewer commissioners are authorized to make purchase of sewer-pipe for the use of the city, and the sewer board have made a proper advertisement, and they receive bids in accordance with that advertisement, and have awarded to the lowest bidder the contract to furnish material,—he to do the work,—and the bidder, after such award, and prior to the time that the city attorney has drawn a contract in accordance with it, furnishes material, in accordance with the bid and award, to the sewer board, and they receive it, and place it in the sewer, they are estopped from setting up a defense that they themselves have neglected to procure a written contract, drawn by the city attorney, in accordance with the bid and award, or that any officer of the city has neglected to do the clerical or ministerial work devolving upon him by the charter, in connection with it;

CAREY v. EAST SAGINAW. 77

and that they are bound, then, to pay whatever such material would reasonably be worth.

It is also urged, with much earnestness, that no security was required of the plaintiff for the performance of the contract on his part. The statute provides that the contract for furnishing the needed material—

"Shall be awarded to the lowest bidder who will give good and sufficient security, *as required by said board,* for the furnishing of sufficient and suitable material therefor, and the prompt and faithful execution of such work." Local Acts of 1867, p. 710.

In this case it does not appear the board required any security. In so doing, they only exercised the discretion vested in them by the statute, and advantage of their action cannot be taken in this way.

We see no occasion for discussing the case further. Upon the undisputed facts, as they appear upon this record, the circuit judge committted no error in directing a verdict for the plaintiff, and the judgment must be affirmed.

The other Justices concurred.