## ADAM W. BOGART v. THE TOWNSHIP OF LAMOTTE.

*Townships—Authority to issue bonds—Bona fide holder—Estoppel. of township—Ratification of void act.*

1. Neither the townships of this State nor their officers have any power to borrow money, or to issue bonds, except as that power is conferred by the Legislature.

   So *held*, where a township board took up township orders, payable on presentation, and issued in lieu thereof a seven-year bond, drawing ten per cent. interest, which action was not authorized by any existing statute.

2. Where a township bond does not show, upon its face, any authority upon the part of the township to issue it, the doctrine of *bona fide* holder does not apply, but the holder takes it subject to the defense of entire illegality.

3. A municipal corporation cannot ratify or be estopped by an act void in its inception, and wholly *ultra vires. Commissioners v. Van Dusan,* 40 Mich. 429.

4. The following propositions are summarized from the opinion of Mr. Justice GRANT:

*a*—Corporate powers involving the imposing of public burdens must be strictly construed. 1 Dill. Mun. Cor. §§ 507–509; *Starin v. Town of Genoa*, 23 N. Y. 439; *Police Jury v. Britton*, 15 Wall. 566; *Gause v. City of Clarksville*, 5 Dill. 165.

*b*—Courts have held that when the power is shown in a municipal corporation to issue bonds, but there are irregularities in their execution, such corporation may be estopped to deny that the power was properly executed. *Rogers v. Burlington*, 3 Wall. 654.

Error to Sanilac. (Beach, J.) Argued January 16, 1890. Decided January 24, 1890.

*Assumpsit* on township bond. Plaintiff · brings error. Affirmed. The facts are stated in the opinion.

*Frank Whipple* and *Atkinson, Vance & Wolcott,* for appellant.

*John Divine* and *Elbridge F. Bacon,* for defendant.

GRANT, J. Plaintiff brought suit in the court below to recover the amount due on a bond issued by the township board of the defendant, and which reads as follows, viz.:

"No. 2.          BOND.          $153.00.

"KNOW ALL MEN BY THESE PRESENTS, That we, the undersigned, members of the town board of the township of Lamotte, in the county of Sanilac and State of Michigan, do, for and in behalf of said township, bind ourselves, and our successors in office, firmly, by these presents, to pay to John McGill or order the sum of one hundred and fifty-three dollars ($153.00), to be paid out of the taxes of one thousand eight hundred and eighty-one, at the county treasurer's office, with ten per cent. interest, said interest to be paid annually.

"In witness whereof we set our hands and seals at Lamotte, this, the 4th day of January, in the year one

thousand eight hundred and seventy-five. This bond is issued to pay past indebtedness.

"In presence of

|  | "Supervisor, |  |
|---|---|---|
| "JOHN O. HALL. | PETER FOX. | [L. S.] |
|  | "Town Clerk, |  |
| "JOHN O. HALL. | MARTIN D. HULBERT. | [L. S.] |
|  | "Justice of the Peace, |  |
| "JOHN O. HALL. | JOHN BROWN. | [L. S.] |
|  | "Justice of the Peace, |  |
|  | "LEMAN EARL. | [L. S.]" |

Indorsed on back: "Pay to the order of A. W. Bogart. JOHN McGILL."

Tho defendant, under the plea of the general issue, gave notice that the bond was issued without authority.

It appears to be conceded that this bond, with several others, was issued in lieu of, and to take up, highway and contingent orders then outstanding against the township. The amount of these orders is not shown, and the orders were burned up when surrendered.

The records of the township, including the record of the annual meetings from 1870 to 1875, inclusive, and also special meetings, were introduced in evidence, and showed no action on the part of the township authorizing the board to issue these bonds. Martin Hulbert, the township clerk for the year 1874, testified that the electors voted at the annual meeting in 1874 to issue bonds to take up highway orders, and that he made a record of this in another book, which had been missing for some years. No reason is given for keeping two record books at the same time, nor why he should record part of the proceedings of the same meeting in one book, and part in another. Such a proceeding is so unusual that the testimony must be very convincing to induce belief.

In the book produced, the record of the annual meeting for 1874 appears to be full and complete. At a special township meeting held July 1, 1874, the electors

voted to issue bonds to the amount of $1,000,—two for $333 each, and one for $334. These bonds were made out, but never negotiated. November 28, 1874, the board met, destroyed these bonds, and voted to issue three more of the same denominations. It is uncertain what became of these. One witness thinks they were destroyed. The record discloses no vote by the township authorizing the board to issue the bond in suit. Subsequently the township did vote to issue other bonds, but that does not affect the issue here. In 1881 there were outstanding over $3,000 of township bonds. Interest was paid on this bond for five years. In each of the years 1873 and 1874 the township raised by tax for highway purposes $800. Money has been raised by the township from time to time for the purpose of paying this and other bonds.

The above facts are all that are essential to an understanding and determination of the questions involved.

Neither the townships of this State nor their officers have any power to borrow money, or to issue bonds, except as that power is conferred upon them by act of the Legislature. The only power conferred upon townships to issue bonds in 1874 and 1875 is under section 477, Comp. Laws 1871, subd. 15, empowering the board of supervisors to authorize any township, by a vote of the electors, to borrow not to exceed $1,000 to build or repair roads and bridges; and sections 752 to 754, authorizing townships, on the application of 10 legal voters, to vote to borrow money, not exceeding 3 per cent. of the assessed valuation, for the purpose of building and repairing bridges. It is not claimed that this bond was issued pursuant to the above provisions. It therefore follows that, even if the township had authorized such action, it would have been void, because no such power is conferred by statute.

Corporate powers involving the imposing of public bur-

dens must be strictly construed. 1 Dill. Mun. Corp. §§ 507–509; *Starin v. Town of Genoa,* 23 N. Y. 439; *Police Jury v. Britton,* 15 Wall. 566; *Gause v. City of Clarksville,* 5 Dill. 165. In fact, this principle is so well settled as to render the citation of authorities unnecessary. But it nowhere appears in the record that this bond was issued by the authority of the township. The township board had no authority to take up orders against the township issued by the proper officers, and issue in lieu thereof bonds or other evidences of indebtedness payable in the future, and at a higher rate of interest. No such power was conferred upon it by statute. By section 708, Comp. Laws 1871, the board was empowered to audit and allow claims against the township, and to issue orders for the same, to be signed by the clerk, and countersigned by the chairman. There its power to issue obligations against the township began and ended.

In this case, according to the contention of the plaintiff, the board took up township orders, which at most could bear only 7 per cent. interest, and which were payable upon presentation, and issued in lieu thereof a bond payable in 7 years from date, and increasing the rate of interest to 10 per cent. If it had the power to make it payable in 7 years, it might extend the time to 25 or any number of years. It is no answer to this rule, so firmly grounded in authority and reason, to say that there is no claim on the part of the defendant that the original orders were illegal. The evidence of the legality or illegality of the orders would very likely disappear with their destruction. It is the wise policy of the law to leave the owners of these orders to their remedy upon them. In the absence of some express provision of law, the board cannot change them.

It is contended that the plaintiff should have prevailed because he was a *bona fide* holder for value before due.

This doctrine does not apply. The bond, upon its face, does not show any authority on the part of the township to issue it. The plaintiff took it subject to the defense of entire illegality. No power has been shown to issue it. Courts have held that when the power is shown in the municipal corporation to issue the bond, but there were irregularities in its execution, such corporation may be estopped to deny that the power was properly executed. This was the case in *Rogers v. Burlington*, 3 Wall. 654, cited by plaintiff. No case has been cited holding that the doctrine of estoppel will apply, where no power existed to issue the bond. Nor is the defendant estopped by the subsequent payment of interest. A municipal corporation cannot ratify or be estopped by an act void in its inception, and wholly *ultra vires*. *Highway Commissioners v. Van Dusan*, 40 Mich. 429.

Judgment must be affirmed, with costs.

The other Justices concurred.