FARR *v.* CITY OF GRAND RAPIDS.

MUNICIPAL CORPORATIONS—ISSUANCE OF BONDS—IMPLIED POWERS
—CONSTRUCTION OF CHARTER.

A charter provision empowering a city to construct electric
light works, limited by a proviso that the power shall not
be construed to authorize the incurring of any indebtedness
against the city unless by vote of the electors, does not, by im-
plication, confer the power to borrow money and issue bonds
for such purpose; especially if, in other sections of the charter
containing similar provisions, such powers are expressly con-
ferred under carefully-defined limitations as to the manner in
which they shall be exercised.

Appeal from superior court of Grand Rapids; Bur-
lingame, J.   Submitted February 10, 1897.   Decided
March 10, 1897.

Bill by John S. Farr and others against the city of
Grand Rapids and its officers to restrain the issuance
of bonds for the erection of an electric light plant.
From an order overruling a demurrer to the bill, defend-
ants appeal.   Affirmed.

The purpose of this suit is to restrain the defendants
from issuing bonds to the amount of $150,000 for the
erection of an electric light plant.   The resolution author-
izing the submission of the question to the vote of the
electors of the city was adopted March 12, 1894, and
the proposition was carried at the election of April 2d,
following.   On September 24th of the same year, the
council adopted a resolution for the issue of the bonds,
which the mayor vetoed.   The resolution was not carried
over the veto.   In February, 1895, the council again
voted to issue the bonds.   This action was vetoed, and
the veto sustained.   March 4th, following, a new resolution

was introduced for the issue of the bonds, but was lost. June 10, 1895, a contract for lighting the city for two years, commencing June 27, 1895, was adopted and approved. February 3, 1896, the council adopted a resolution for the issue of bonds to the amount of $150,000, for the erection of a lighting plant. This resolution was approved by the new mayor, and the authorities were proceeding to sell the bonds when this suit was instituted. A general demurrer was interposed, which the court overruled, and entered a decree for a permanent injunction.

*Thompson & Temple* (*Taylor & Eddy*, of counsel), for complainants.

*Henry J. Felker*, for defendants.

GRANT, J. (*after stating the facts*). The action of the council is contested on two grounds:

1. That the city had no power to issue the bonds.
2. That, if such power existed, it was exhausted by the action of the mayor and council in thrice refusing to issue bonds.

The power of the city in the matter is based upon section 29 of title 3 of the charter. This section authorizes the city to acquire by purchase, or to construct, operate, and maintain, works for the purpose of supplying the city with electric lights for the lighting of its streets, etc.; "*Provided*, that nothing in this section contained shall be so construed as to authorize the incurring of any indebtedness against the said city of Grand Rapids, for any of the purposes in this section specified, unless the qualified electors of said city, voting thereon in their respective wards, shall have authorized the incurring of such indebtedness by a majority of their votes cast at any regular election, or at any special election called for the purpose of voting upon such question."

It will be observed that this section does not expressly authorize the borrowing of money or the issue of bonds. This is conceded. The defendants' position is that the

power to incur indebtedness necessarily implies the power
to borrow money, and to issue evidences of indebtedness
therefor, payable in the future. It seems unnecessary
to cite authorities to the proposition that, in order to imply
the existence of the power, it must be essential to the ex-
ercise of the function under which the municipality is
acting. The rule is universal. *Detroit Citizens' St.
R. Co.* v. *City of Detroit,* 110 Mich. 384; *Stebbins* v.
*Judge of Superior Court,* 108 Mich. 693; *Bogart* v. *Town-
ship of Lamotte,* 79 Mich. 294; *Taylor* v. *Railway Co.,*
80 Mich. 77. Another rule is that, in construing one pro-
vision of a charter, it is important to consider other pro-
visions upon the same or similar subjects. If similar
power is conferred by other sections of the charter, and it
is found that the legislature has carefully limited the
power of the council in borrowing money and issuing
bonds, it would naturally follow that the power granted
to incur indebtedness would not confer unlimited power
to borrow money and issue negotiable evidences of debt
therefor, payable at any time in the future, and at such
rate of interest as the municipality might determine. We
recognized and applied the above rule in construing a
clause of the Constitution in the case of *Sterling* v. *Re-
gents of University,* 110 Mich. 369. Sections 20, 22, and
28 of title 5, sections 3 and 24 of title 6, and section 12 of
title 10, of the charter, contain provisions authorizing the
city of Grand Rapids to borrow money and issue evi-
dences of debt therefor. In all these provisions the power
of the city is carefully defined and limited as to the amount,
the length of time the bonds are to run, the rate of inter-
est, and the amount for which the bonds are to be sold.
When these provisions are considered, the conclusion
seems irresistible that the legislature, in conferring the
power to incur indebtedness under section 29 of title 3,
did not intend to confer upon the city unlimited power to
borrow money and issue bonds therefor.

Now, it is clear that the authority to purchase or
construct an electric light plant does not necessarily imply

the power to borrow money, and to issue negotiable bonds or other evidences of indebtedness payable at a future time. It is entirely consistent with the idea that the money therefor shall be raised by taxation, which is the usual method when any other is not pointed out by the statute. The power to borrow money is held not to authorize a municipality to issue its negotiable bonds. *Brenham* v. *Bank*, 144 U. S. 173. It is, however, unnecessary to approve that rule in this case. No authority to borrow is either expressed or implied. The danger from the exercise of this power unchecked by charter provisions is well stated by Justice Bradley in the majority opinion in *Mayor* v. *Ray*, 19 Wall. 468. This opinion and decision are commended by text writers. Dill. Mun. Bonds, 14; Burr. Pub. Secur. 195. The learned counsel for defendants cites decisions which hold to the contrary, but they are against the clear weight of authority. The above decisions are exhaustive upon the subject, and we deem it unnecessary to further discuss it.

The decree of the court below was correct, and is affirmed, with costs.

The other Justices concurred.