AMERICAN LAFRANCE & FOAMITE INDUSTRIES, INC., *v.*
VILLAGE OF CLIFFORD.

1. MUNICIPAL CORPORATIONS—DEFENSE OF ULTRA VIRES—BURDEN OF
PROOF.
Village had burden of proof under defense of *ultra vires* inter-
posed in action on two notes given in payment for fire engine.

2. OFFICERS—PRESUMPTIONS—CONTRACTS.
Municipal officers are presumed to have acted legally and not to
have transcended their statutory powers in making contract to
purchase fire engine (1 Comp. Laws 1929, § 1662).

3. MUNICIPAL CORPORATIONS—DEFENSE OF ULTRA VIRES—EVIDENCE.
Record *held,* to sustain plaintiff's contention that defense of
*ultra vires* to action on promissory notes given by village in
purchase of fire engine was not established, where it failed to
affirmatively show amount of voluntary donations therefor and
amount in its general fund at time of execution of contract
calling for payment of more than maximum amount than might
be raised in one year by taxation without referendum (1 Comp.
Laws 1929, §§ 1635, 1655, 1656).

4. SAME—DEFENSE OF ULTRA VIRES—RETENTION OF BENEFITS.
Defense of *ultra vires* interposed by village should not be sus-
tained where contract was neither *malum in se* nor *malum
prohibitum,* the village retains the benefits and cannot put
other party *in statu quo* by return of used fire engine much
depreciated in value.

5. SAME—PURCHASE OF FIRE ENGINE.
Evidence *held,* to show that purchase of fire engine was formally
authorized by village council (1 Comp. Laws 1929, § 1532,
1662).

6. ESTOPPEL—MUNICIPAL CORPORATIONS—CONTRACTS—STATUTES.
Village is estopped to assert mere irregularity incident to pro-
ceedings authorizing execution of contract to purchase fire en-
gine where it had express statutory power to make such con-
tract (1 Comp. Laws 1929, § 1662).

Appeal from Lapeer; Smith (Henry H.), J. Submitted April 19, 1934. (Docket No. 18, Calendar No. 37,659.) Decided June 4, 1934.

Assumpsit by American LaFrance & Foamite Industries, Inc., a foreign corporation, against Village of Clifford, a municipal corporation, on promissory notes. Set-off and recoupment by defendant. Judgment for defendant. Plaintiff appeals. Reversed and judgment ordered entered for plaintiff.

*Clarence E. Gittins* and *Donald I. Albaugh,* for plaintiff.

*W. S. Rundell,* for defendant.

NORTH, J. This suit against the village of Clifford was brought for the recovery of a portion of the purchase price of a fire engine. Defendant by cross-action sought recovery of payments it had already made. The case was tried by the court without a jury. Defendant had judgment for $2,003.48, and plaintiff appealed.

The record of the meeting of the village council held July 18, 1928, in addition to other matters, discloses the following action:

"Moved by Glazier and supported by Fox that village of Clifford accept the agent's proposal of the American LaFrance fire engine. Motion carried."

The village record shows this meeting of the council was attended by the president and four councilmen. There were five members of the council. The fifth councilman testified he was also present and further: "As I remember it we were all in favor of it." On the contrary there is testimony tending

to show that two members of the council spoke against the proposed contract and that neither of them "voted at all." In accordance with the action taken by the council plaintiff entered into a title-retaining contract with the village in which the village agreed to purchase a fire engine of plaintiff at a price of $3,325. The contract provided for a down payment of $1,000 following delivery and five annual payments of $465 with six per cent. interest, the first payable September 15, 1929. A promissory note for each of the annual payments was executed by the president and clerk of the village and delivered to plaintiff. The fire engine was delivered to the village which has ever since continued its possession and use of the same. The down payment and the first two notes, totaling $1,930, were paid by the village. This suit was commenced in January, 1933, to collect the then past due notes of 1931 and 1932, totaling $930 and accrued interest.

The defense urged is that a valid and binding contract was not entered into because the record of the council proceedings as made by the village clerk does not show that the requisite majority of all the councilmen-elect voted in favor of entering into the purchase contract and also because the attempted action of the council was *ultra vires* in that the amount involved was in excess of that for which the council could obligate the village without a two-thirds vote of the electors. 1 Comp. Laws 1929, § 1656. The purchase price was payable from the general fund. By statute the power of the village council is limited in the following manner:

"But no office shall be created or abolished nor any tax or assessment imposed; * * * unless by a concurring vote of two-thirds of all the trustees-

elect, which vote shall be taken by yeas and nays, and entered upon the journal; no money shall be appropriated except by ordinance or resolution of the council, nor shall any ordinance be passed, nor any resolution appropriating money be adopted, except by a concurring yea and nay vote of two-thirds of all the trustees-elect." 1 Comp. Laws 1929, § 1532.

Under the statute (1 Comp. Laws 1929, § 1635) the maximum amount which the village had power to raise annually by taxation for its "general fund" is limited to one and one-fourth per cent. of the assessed valuation of the taxable property. Because of this statutory limitation the maximum amount that could be raised by the action of the council during the year of the alleged contract was $2,237.81. It is this phase of the record upon which the defense of *ultra vires* is based.

As against defendant's contention that the alleged contract was *ultra vires,* plaintiff asserts that notwithstanding the burden of proving *ultra vires* is upon the defendant, that defense was not established by the testimony in the case.

"If the condition of the city finances was such that the obligation arising out of the contract would exceed the amount which the common council was authorized to incur an obligation to expend, it was incumbent on the defendant to make that fact affirmatively to appear." *Arbuckle-Ryan Co.* v. *City of Grand Ledge,* 122 Mich. 491.

The defendant in its answer affirmatively set up the defense of *ultra vires* and obviously correctly assumed that it had the burden of proof. It is therefore important to ascertain whether or not this defense was affirmatively established by defendant's testimony.

The officers are presumed to have acted legally and not to have transcended their statutory powers. *Bishop* v. *Lambert,* 114 Mich. 110. It appears from the testimony herein that individual subscriptions were made to a fund for the purpose of purchasing a fire engine. How much money was thus donated or pledged is not disclosed. Nor is there any testimony tending to disclose how much money was already on hand in the general fund of the village. The council had statutory power to borrow in anticipation of taxes for the current year not to exceed one-fourth of the tax if necessary to defray current expenses. 1 Comp. Laws 1929, § 1655. And further, the electors had the power to authorize borrowing money in an additional amount not to exceed two per cent. of the assessed valuation of the taxable property. 1 Comp. Laws 1929, § 1656. The testimony discloses nothing as to whether or not such action had been taken either by the village council or by the electors. This record sustains plaintiff's contention that the defendant failed to establish its defense of *ultra vires.* As bearing upon the justness of so holding, it may be noted that the defense of *ultra vires* urged in the instant case is wholly technical and utterly void of merit when tested by everyday principles of right and wrong.

The defendant village received this fire engine in accordance with the terms of the contract. No complaint is made of its fitness for the purpose for which it was purchased. It is not claimed that fraud or collusion entered into this transaction in any way. The village has continued to use this fire-fighting apparatus since 1928. It has never taken any official action relative to rescission of its purchase contract. Instead, it made three separate substantial payments on the purchase price after delivery of the

engine. Defendant did not at any time prior to the trial tender to plaintiff the return of the purchased property. The equipment purchased of plaintiff was built into or mounted upon an auto truck chassis purchased by defendant from someone other than plaintiff. It is self-evident that both from use and from age this fire engine has materially depreciated. We think the circumstances are such that defendant cannot place plaintiff *in statu quo* by the return of the purchased equipment. The contract has been fully performed with the exception of the payment of the purchase price by defendant whereupon title to the engine will automatically pass to the village. It may well be said in the instant case as this court has had occasion to say in former decisions:

"The defense of *ultra vires* in this case is most inequitable and unjust. It should not be sustained unless the rigid rules of law require it. 'The good faith of government should never be less sacred than that of individuals.' Where the executed contract is neither *malum in se* nor *malum prohibitum*, but can only be avoided because of defects in the manner of its execution, the corporation cannot retain the benefits and deny its authority. *Coit* v. *City of Grand Rapids*, 115 Mich. 493." *Webb* v. *Township of Wakefield*, 239 Mich. 521.

As stated above, defendant has failed to establish the defense of *ultra vires* and therefore the contract must be here considered and disposed of as *intra vires*.

Defendant's further claim that the village is not bound by the contract because the action of the council was not evidenced by a yea and nay vote or recorded as such, is without merit. We think the record fully sustains plaintiff's contention that the purchase of this engine was approved by the req-

uisite vote of the members of the council. A fair inference from the testimony is that the vote was taken by a showing of hands rather than by the verbal expression of yea and nay. Mayor Vanconant testified:

"I asked them all to vote by the usual sign of voting, by raising their right hand. * * * This truck was voted upon one hundred per cent. right there by every councilman, nobody objected."

Even conceding that the action of the village council was not taken and recorded in strict compliance with the statutory provisions above noted, still the defendant village should not on this technical pretext be permitted to escape payment of its just obligations. It was within the express statutory powers of the village to purchase "suitable fire engines and apparatus for the extinguishment of fires." 1 Comp. Laws 1929, § 1662. This case does not come within and is not controlled by *Highway Com'rs of Sault Ste. Marie* v. *Van Dusan,* 40 Mich. 429, and cognate decisions. In the *Van Dusan Case* it was held:

"According to the hypothesis the case was such that if all the township electors and all the township officers had united or assented in any mode or under any particular formalities the original transaction (construction of a sewer by a township) would have been invalid, and the principle of law is that a corporation cannot ratify an act which it could not have done when it occurred. * * * In order to grasp ungranted power nothing more would be necessary than to act beyond the limits of authority and then assume the act as one of force and binding efficacy."

As noted above, in the instant case the contract which gave rise to these notes is not shown to have been *ultra vires;* but instead the transaction was one within the express statutory powers of the village.

The following is applicable to such a case:

"Courts have held that when the power is shown in the municipal corporation to issue the bond, but there were irregularities in its execution, such corporation may be estopped to deny that the power was properly executed. This was the case in *Rogers* v. *Burlington,* 3 Wall. (70 U. S.) 654, cited by plaintiff." *Bogart* v. *Township of Lamotte,* 79 Mich. 294.

To the foregoing, the writer of the opinion in the above case very properly added:

"No case has been cited holding that the doctrine of estoppel will apply, where no power existed to issue the bond. Nor is defendant estopped by subsequent payment of interest. A municipal corporation cannot ratify or be estopped by an act void in its inception, and wholly *ultra vires.* *Highway Com'rs of Sault Ste. Marie* v. *Van Dusan,* 40 Mich. 429."

But where, as in the instant case so far as disclosed by this record, the undertaking is not *ultra vires* the municipal corporation may be estopped from asserting as a defense mere irregularity incident to the proceedings authorizing the obligation.

"Where the power exists in a municipal corporation to bind itself, where the contract is *intra vires,* it will be bound even though it may have proceeded irregularly and in disregard of directory provisions as to the exercise of its power." *Commercial State Bank of Shepherd* v. *School District No. 3 of Coe Township, Isabella County* (syllabus), 225 Mich. 656.

"The city's contention that it cannot be estopped from disavowing liability on the ground that the contract was not consummated in accordance with the charter provision is without merit. * * * 'A municipality cannot retain the benefits of a contract which has been fully performed by the other party,

and which is neither *malum prohibitum* nor *malum in se*, and at the same time deny the validity of 'the contract because of defects in the manner of its execution.' *Coit* v. *City of Grand Rapids* (syllabus), 115 Mich. 493." *L. W. Kinnear, Inc.*, v. *City of Lincoln Park*, 260 Mich. 250.

"Stated most strongly for defendant, the situation is this: The result was legal, but the method by which it was reached was illegal. In such case the law does not permit a municipality to retain the fruits of its contract, and deny its validity." *Coit* v. *City of Grand Rapids, supra.*

See, also, *Carey* v. *City of East Saginaw*, 79 Mich. 73; *East Jordan Lumber Co.* v. *Village of East Jordan*, 100 Mich. 201; *Spier* v. *City of Kalamazoo*, 138 Mich. 652; and *Webb* v. *Township of Wakefield*, *supra*.

Herein it has not been established that this contract was *ultra vires;* and under this record defendant is estopped from asserting as a defense that the contract was not authorized by action of the village council in strict accordance with the requirements of law. It follows that plaintiff is entitled to recover the amount of the two notes on which suit was brought together with accrued interest thereon.

Judgment entered in the circuit court in favor of defendant must be vacated and judgment entered there in accordance herewith. For that purpose the case is remanded to the circuit court. Costs to appellant.

Nelson Sharpe, C. J., and Potter, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.