McGAUGHAN v. WEST BLOOMFIELD TOWNSHIP.

1. MUNICIPAL CORPORATIONS — AUTHORITY — EMPLOYMENT OF SURVEYORS.

   In action of assumpsit against township for reasonable value of services of surveyors, record *held*, to sustain finding of court that recorded action of township board authorized employment of plaintiffs, residents of county, to perform services, as respects contention that the county surveyor was to be employed.

2. WORK AND LABOR—SURVEY OF LAKE MEANDER AND HIGHWAY LINES.

   In action of assumpsit by surveyors for services rendered township, evidence *held*, to show that in so far as they involved survey of lake meander and highway lines, services were performed, all of the work done was necessary to determine whether or not there were encroachments on the highway, and the charges therefor reasonable.

3. MUNICIPAL CORPORATIONS — SERVICES OF SURVEYORS — TOWNSHIP
   HIGHWAY COMMISSIONER.

   Township may not escape obligation to pay for services of sur-
   veyors where it permitted and induced the performance and
   accepted the benefits thereof, notwithstanding statutory power
   to accomplish the same result lay in township highway com-
   missioner who was present and approved action of the town-
   ship board (1 Comp. Laws 1929, § 3937).

4. SAME—TOWNSHIP BOUNDARY LINE SURVEY.

   Authorization of a survey of township boundary line which
   crossed diagonally through several lots of a subdivision in a
   village, necessary to enable assessor to properly perform his
   duties, was a legitimate exercise of the power vested in a
   township board.

5. SAME—EVIDENCE.

   Evidence that surveyors were authorized to survey township
   boundary line through village *held*, sufficient, where testimony
   of former members of the board to that effect is convincing.

6. EVIDENCE—PAROL—SUPPLEMENTING RECORDS OF TOWNSHIP BOARD.
   In action for services rendered township, parol evidence of action
   of township board was properly received to supplement im-
   perfectly kept records, but not to change them.

Appeal from Oakland; Covert (Frank L.), J.
Submitted June 5, 1934. (Docket No. 10, Calendar
No. 37,795.) Decided October 1, 1934.

Assumpsit by Henry T. McGaughan and William
R. Ransom, copartners, against West Bloomfield
Township, a municipal corporation, and Fred A.
Draper and others constituting township board for
sums due for surveying and platting. From judg-
ment for plaintiff against defendant township, it ap-
peals. Affirmed.

*Patterson & Patterson,* for plaintiffs.

*James H. Lynch,* for defendant township.

North, J. Plaintiffs, copartners, did certain surveying and engineering work for the township of West Bloomfield. They brought this suit against the township and also against the members of the township board to recover the reasonable value of such services. Trial was without a jury. Plaintiffs had judgment against the township but not against the individual members of the township board. The township has appealed.

Plaintiffs' suit involves recovery for five items. As to two of these items, amounting to $60.60, defendant township admits liability. The three controverted items as set forth in plaintiffs' bill of particulars are:

1. Engineering services, location meander line Pine lake     $ 90.00
2. Establishing center line of road on northerly side of Pine lake     523.65
3. Locating West Bloomfield township north line through Sylvan village     320.55

Appellant asserts there is no competent testimony by which liability of the township is established as to any of the contested items. Plaintiffs' testimony was that the supervisor of the township, Mr. Salmers, employed them. As bearing upon his authority plaintiffs' proof disclosed that on June 2, 1925, the following action was taken at a meeting of the township board:

"It was further moved and supported that the township employ county engineer to resurvey the meandered lines of Orchard lake and Pine lake, thus to re-establish the lines of the government survey made in 1817, said engineer to also establish road lines; this survey to take in the east and southwest shores of Orchard lake and the north shore of Pine lake. Motion carried."

Plaintiffs contend that the above-noted action of the board was intended to and did authorize their employment for the services covered by the items one and two of the bill of particulars. Appellant first points out that the action of the township above quoted did not authorize employment of plaintiffs, but instead specifically provided for the employment of the "county engineer." Review of the record satisfies us the circuit judge correctly found that the proceedings of the township board were not always accurately recorded; and the testimony justifies his conclusion that the quoted expression merely meant "a county engineer," one who resided in the county. The undisputed testimony is that following the action taken by the township board the supervisor did employ plaintiffs to perform the services covered by items one and two of the bill of particulars, that the services were rendered and the charges therefor are reasonable.

But appellant also urges that in so far as the services consisted in relocating the meander line of Pine lake or in locating the lines of the concrete road on the west side of Pine lake, any attempt by the township to contract for such services was *ultra vires*. Appellant argues that the township was in no way concerned with the relocation of the meander line of Pine lake and that the concrete road was a county road over which the township had no control. In view of the undisputed facts about to be stated, we think appellant's position is not tenable.

For a considerable distance along the north shore of Pine lake there was an ordinary dirt highway, established by user. Various persons were erecting buildings along this north shore between the water line and the traveled portion of the highway. Town-

ship officers believed these buildings were encroaching upon the highway, but its course was so irregular and its location so uncertain, the fact as to encroachments could be determined only by a survey which would definitely locate the highway boundaries. Relocating the meander line of the lake had a material bearing on locating the highway; but inaccuracies in the original government survey discovered by plaintiffs rendered this effort impractical if not wholly useless. The survey along the concrete highway was to obtain a proper starting point in the survey of the dirt road which led off from the concrete in an easterly direction. The engineer testified it was necessary to have a "tie in" to some permanent object so the location of the highway boundaries could be reproduced in the future. There is no testimony that the work of the surveyors was not proper and essential to an accurate location of the road along the north shore of Pine lake.

Notwithstanding appellant's contention that by statute (1 Comp. Laws 1929, § 3937) the power to accomplish the result here sought is in the township highway commissioner, we think the members of the present township board cannot be heard to disavow the authority and action of their predecessors, of whom the highway commissioner was one. He was present and approved the action taken by the township board. By so doing he officially approved and authorized performance of the services. Plaintiffs having been permitted and induced to perform the services and the township having accepted the benefits thereof, it cannot, under the circumstances, escape its obligation to pay. The following cases are much to the point here involved: *Coit* v. *City of*

*Grand Rapids,* 115 Mich. 493; *Webb* v. *Township of Wakefield,* 239 Mich. 521; *American LaFrance & Foamite Industries, Inc.,* v. *Village of Clifford,* 267 Mich. 326.

There is no question concerning the power of the township board to contract for plaintiffs' services covered by item three of the bill of particulars. Locating the north township line through Sylvan village was necessary because this line crossed diagonally through several lots of a subdivision. Buildings were erected on some of these lots. Exact information as to the location of the north township line was necessary to enable the supervisor to properly assess so much of the divided properties as was located within defendant township. Without this information exact valuations could not be fixed. The auditor general's department had advised the township supervisor that these divided properties had theretofore been improperly assessed. Legal advice of local counsel was taken and followed. The need and propriety of the survey is evident. But as pointed out by appellant, the township records disclose no official action by the township board authorizing the employment of plaintiffs. Plaintiffs in fact were employed by the township supervisor. Convincing testimony of those who at the time were members of the township board establishes beyond question that in fact the board did by proper action authorize the supervisor to have this survey made and the supervisor so informed plaintiffs at the time he employed them. The township records were not accurately kept and this action of the township board as well as other important items were omitted from the record of the township board proceedings. Plaintiffs have not sought to change the township records as made by the township clerk. Instead

they assert the right to supplement the record. This they may do. *Rubatt* v. *Township of Wakefield,* 239 Mich. 536. We cannot agree with appellant that the testimony in the record does not disclose any action or authority by which the township is obligated to pay for plaintiffs' services in surveying the township line through Sylvan village. The township board, presumably acting in good faith, found the survey necessary to enable township officials to properly discharge their public duties. Employment of plaintiffs for such survey was a legitimate exercise of authority vested in the township board.

Affirmed, with costs to appellees.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.