UNITED SAVINGS BANK OF DETROIT *v.* SCHOOL DISTRICT
NO. 5, FRACTIONAL, FARMINGTON, REDFORD AND
LIVONIA TOWNSHIPS, OAKLAND AND WAYNE
COUNTIES.

1. Schools and School Districts—Special Meetings—Irregularities—Bills and Notes—Estoppel.

Board of education of graded school district, at a special meeting in the absence of the president, which adopted a resolution authorizing issuance of promissory notes for loans in anticipation of collection of current and delinquent taxes *held*, estopped to deny liability because of irregularity of meeting where president signed notes on next day and partial payments and renewals were subsequently made.

2. Evidence—Official Acts Presumed Properly Performed.

Official acts or duties are presumed to have been properly performed and in general it is to be presumed that everything done by an officer in connection with the performance of an official act in the line of his duty was legally done, whether prior to the act, such as giving notice, or determining the existence of conditions prescribed as a prerequisite to legal action, or subsequent to such act.

3. Schools and School Districts—Past Due Obligations—Resolutions.

School district which was indebted to banks on certain notes past due when board of education at a special meeting passed resolution giving authority to borrow funds ''for the use of said district'' in an amount equal to delinquent obligations *held*, estopped to deny that resolution authorized borrowing to pay past due obligations, where fact obligations were due was known to board whose duty it was to pay or renew the notes and later made payments on obligations in question.

4. Estoppel—Public Corporations.

Since the good faith of government should never be less sacred than that of individuals, where an executed contract is neither

*malum in se* nor *malum prohibitum,* but can only be avoided because of defects in manner of its execution, a public corporation cannot retain the benefits and deny the authority.

5. Bills and Notes—Schools and School Districts—Holder in Due Course—Presumption—Burden of Proof—Evidence.

Under negotiable instruments law providing that every holder is presumed to be a holder in due course, the burden of proving otherwise is upon payor school district and it is *held,* liable on notes which appear to be regular on their face, where no showing is made that plaintiff bank was not a holder in due course, that there was a lack of consideration in the purchase of the notes, notice to plaintiff by defendant of any claimed defect nor claim made that notes were not purchased before maturity (2 Comp. Laws 1929, § 9308).

6. Appeal and Error—Claimed Errors.

Claimed errors which do not affect merits of the case do not require reversal.

Appeal from Wayne; Nicol (Henry G.), J. Submitted April 29, 1937. (Docket No. 74, Calendar No. 39,409.) Decided June 7, 1937.

Assumpsit by the United Savings Bank of Detroit, a Michigan corporation, against School District No. 5, Fractional, Farmington, Redford and Livonia Townships, Oakland and Wayne Counties, on promissory notes. Judgment for plaintiff. Defendant appeals. Affirmed.

*Leslie T. Jones,* for plaintiff.

*Schulte & Pare,* for defendant.

Sharpe, J. This is an action against defendant school district No. 5 for the collection of the balance due upon certain promissory notes claimed to have been executed by said school district to the Farmington State Savings Bank and negotiated to plaintiff.

The facts indicate that on July 16, 17, and 18, 1930, certain promissory notes of defendant school dis- trict, which had been executed prior to that date, fell due and had not been paid. On July 22, 1930, a spe- cial meeting of the board of education of defendant school district was held at which time all members were present except the president of the board and at this meeting the following resolution was passed:

"By graded school district under Act No. 319, Pub. Acts 1927.

"Whereas, for the school year beginning July 1, 1930, there has been duly estimated and voted in school district No. 5 fractional of Redford, Farming- ton and Livonia townships, Oakland and Wayne county, Michigan, the same being a graded school district, the sum of $49,975 as taxes for general school purposes, and the money is needed for such purposes before it can be collected; and

"Whereas, the delinquent school taxes in said dis- trict amount to $59,951.37 and the money is needed for general school purposes before it can be collected.

"Now, therefore, at a special meeting of the board of education of said district held on the (22d day of July, A. D. 1930) and in pursuance of the authority of Act No. 319, Pub. Acts 1927, as amended, be it re- solved that the said board do borrow on the strength of said taxes for the use of said district (the sum of $38,000 from the Farmington State Savings Bank, Farmington, Michigan, upon the promissory note or notes of said district to run for six months from July 22, 1930, and bear interest at the rate of six per cent. per annum, and the proper officers of this board of education are hereby authorized to nego- tiate and close said loan on behalf of the said district, and to execute the promissory note, or notes of the said district therefor.

"Certified to be a true copy of resolution adopted at special meeting of board of education of district

No. 5 fractional, Farmington, Redford and Livonia townships, Oakland and Wayne county, Michigan, held July 22, 1930.

> "F. W. LAHR,
> Secretary of board of education, district No. 5, fractional, Farmington, Redford and Livonia twps. Oakland and Wayne county, Michigan."

July 30, 1930, the treasurer of the school district delivered to the Farmington State Savings Bank $20,000 worth of notes dated July 23, 1930, to run for six months, also notes totaling $14,140 and a check for $3,860 all of which paid the notes totaling $38,000 which had previously fallen due July 16, 17, and 18, 1930.

It appears that there was included in the $20,000 in notes delivered to the Farmington State Savings Bank two notes dated July 23, 1930, one in the amount of $2,500 and one in the amount of $5,000. These last two mentioned notes were purchased by plaintiff bank October 3, 1930. These notes became due January 23, 1931, and were renewed and made payable to the Farmington State Savings Bank and by it indorsed to plaintiff bank. Certain payments were made upon the notes. Plaintiff brought suit upon the $5,000 and $2,500 notes dated January 23, 1931, and the trial court entered judgment in favor of plaintiff in the sum of $3,565.20 with interest at the rate of six per cent. to January, 1936. Defendant appeals.

Plaintiff contends that the notes involved in this suit are regular upon their face, were legally executed by the proper officers of the board of education and were purchased by plaintiff for value prior to the due date thereof. It is the claim of defendant that the meeting of the board of education on July 22,

1930, held in the absence of its president, was illegal; that the resolution adopted at said meeting, while it may have permitted the board of education to borrow money after July 22, 1930, did not authorize them to pay the delinquent obligations of July 16, 17, and 18, 1930; and that plaintiff bank was not an innocent purchaser for value of notes involved herein.

The meeting held July 22, 1930, was a special meeting of the board of education at which time the president of the board was absent, but did on the following day sign the originals of the notes involved in this cause. We think the subsequent action of the board of education in recognizing the notes by renewing the same and making part payment on said notes now estops it from claiming any irregularity in the action taken at said meeting. The claimed irregularity of this meeting is distinguishable from that found in *Vreeland* v. *School District No. 2, Monguagon Twp.*, 264 Mich. 212. In that case the absent board member did not sign the teacher's contract at a later time and could not be charged with ratifying any action taken by the board.

In *Prudential Ins. Co.* v. *Dworkin*, 266 Mich. 105, the court adopted the following from 22 C. J. p. 1301:

" 'There is always a presumption that official acts or duties have been properly performed, and in general it is to be presumed that everything done by an officer in connection with the performance of an official act in the line of his duty was legally done, whether prior to the act, such as giving notice, or determining the existence of conditions prescribed as a prerequisite to legal action, or subsequent to such act.' "

The next question invites a discussion of the authority granted in the resolution adopted July 22, 1930. The plaintiff claims that the resolution is

broad enough and that the words ''for the use of said district'' includes authority to borrow funds to pay delinquent obligations. At the time of the special meeting the school district was indebted to the banks in the sum of $38,000, represented by certain notes that were past due. This fact was known to the school board and they also knew that it was their duty to pay or renew the obligations. From the fact that the resolution authorized the borrowing of an amount of money equal to the past due indebtedness and the further fact that on the following day the proper officers of the school board did in their official capacity deliver to the Farmington State Savings Bank notes and cash equal to the amount authorized in the resolution there is some evidence as to the purpose of the resolution. The school board having thereby at a later date paid on the obligations so incurred are now estopped to deny that the resolution authorized borrowing to pay past due obligations.

In *American La France & Foamite Industries, Inc.,* v. *Village of Clifford,* 267 Mich. 326, we said:

'' 'The good faith of government should never be less sacred than that of individuals.' Where the executed contract is neither *malum in se* nor *malum prohibitum,* but can only be avoided because of defects in the manner of its execution, the corporation cannot retain the benefits and deny the authority.''

See, also, *McGaughan* v. *West Bloomfield Township,* 268 Mich. 553; *Jones* v. *School District No. 3 of Iosco,* 110 Mich. 363; *Coit* v. *City of Grand Rapids,* 115 Mich. 493.

Defendant next contends that plaintiff is not a holder in due course. Section 9308, 2 Comp. Laws 1929, provides that *prima facie* every holder is deemed to be a holder in due course and the burden of proving otherwise rests with defendant. There

being no showing that plaintiff was not a holder in due course, it follows that the notes falling due January 23, 1931, were legal obligations of the school district. The record discloses that there was no irregularity apparent on the face of the notes; no proof submitted of lack of consideration in the purchase of these notes; no notice to plaintiff by defendant of any claimed defect; nor any claim that the notes were not purchased before maturity.

Complaint is also made as to the admission of some testimony. We have examined these claimed errors and find that they do not affect the merits of the case.

We find no reversible error and the judgment of the trial court is affirmed, with costs to plaintiff.

FEAD, C. J., and NORTH, WIEST, BUTZEL, POTTER, and CHANDLER, JJ., concurred. BUSHNELL, J., did not sit.