## CRISTIA v. CRISTIA.

1. DIVORCE—REPUTATION—INCOMPETENT EVIDENCE.

   Reception of testimony as to plaintiff's reputation for veracity, not material to any issue involved in divorce case, does not call for reversal where, although objected to as incompetent and not connected up and motion to strike was not renewed at the conclusion of the proofs, there is nothing in the opinion of the trial court or in the record otherwise indicating that the testimony was given any consideration in the determination of the matters in controversy.

2. SAME — HUSBAND'S EARNINGS — COMPETENCY — CROSS-EXAMINATION.

   Exclusion of cross-examination of defendant husband in divorce case as to his earnings as deputy sheriff *held*, not of such serious character as to require, or justify, remanding case in order to permit taking of the excluded proof, where, although the amount of such earnings was a proper subject of inquiry, the conclusion is indicated that the amount of earnings from such source was not of sufficient materiality to affect the determination of the issues involved.

3. MARRIAGE—CEREMONIAL MARRIAGE—COMMON-LAW MARRIAGE—EVIDENCE.

   The performance of a ceremonial marriage indicates that the parties did not regard themselves prior thereto as husband and wife.

4. VENDOR AND PURCHASER—PRE-NUPTIAL LAND CONTRACT—COMMON-LAW MARRIAGE—EVIDENCE.

   Record in wife's suit for divorce *held*, to support trial court's conclusion that there was no common-law marriage at time land contract was issued whereby parties some four months before performance of a ceremonial marriage purchased property on a land contract designating them as husband and wife.

5. SAME—TENANCY IN COMMON—PRE-NUPTIAL LAND CONTRACT—
   DIVORCE—STATUTES—DIVISION OF PROPERTY.
   Vendees under land contract who were designated therein as
   husband and wife but who were not such at that time, al-
   though married about four months later, took as tenants in
   common, hence decree of divorce may not properly require
   the sale of such property as the statutory provisions with
   reference to property owned by husband and wife as joint
   tenants, or as tenants by the entireties, have no application
   (3 Comp. Laws 1929, § 12768).

6. DIVORCE—WITHDRAWAL OF JOINT BANK DEPOSIT—DIVISION OF
   PROPERTY—ALIMONY—DOWER.
   Retention of entire sum of $1,500 withdrawn by plaintiff wife
   from joint bank account shortly before starting suit for
   divorce is permitted in view of fact that such deposit was the
   result of their joint efforts, and of the division made of the
   household furniture, amount of attorney fee and omission to
   make specific allowance to her by way of alimony or dower.

Appeal from Wayne; Murphy (George B.), J. Submitted January 7, 1947. (Docket No. 9, Calendar No. 43,550.) Decided April 8, 1947.

Bill by Helen Cristia against Peter Cristia for a divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Plaintiff appeals. Modified and affirmed.

*Isadore Starr,* for plaintiff.

*Buckingham, Piggins & Rehn,* for defendant.

CARR, C. J. This suit was instituted November 24, 1944, plaintiff seeking in her bill of complaint an absolute divorce from defendant, a division of property interests, and injunctive relief. Defendant filed his answer, denying plaintiff's right to the relief sought. In the bill it was alleged that the parties were married March 14, 1942, by ceremonial marriage and that they separated in October, 1944.

Plaintiff alleged further that defendant had been guilty of extreme and repeated cruelty involving humiliating treatment, physical violence, improper associations with other women, and intoxication. There were no children of the marriage.

Following the trial a decree was entered, granting an absolute divorce to plaintiff, and determining the interests of the parties in their property. From such decree plaintiff has appealed, claiming that the division of said property was not equitable, that the attorney fee ordered to be paid to plaintiff's counsel, in the sum of $175, was inadequate, and that material and prejudicial error occurred in the conduct of the trial.

At the outset of the hearing in the circuit court, counsel for defendant called certain witnesses for the purpose of establishing the reputation of the defendant as to honesty and, also, as to truth and veracity. Plaintiff's attorney consented to the putting in of the proof out of order but objected to its competency and materiality. After said witnesses had testified a motion to strike the testimony was made and denied, but with permission to counsel for plaintiff to renew his motion later. It is now claimed in plaintiff's behalf that the testimony was incompetent and that it was prejudicial to plaintiff's case. The record does not disclose that the motion to strike was renewed at the conclusion of the proofs.

The testimony in question was not material to any issue involved in the case. It may be assumed that the motion to strike, had it been renewed after such fact became apparent, would have been granted. There is nothing in the opinion of the trial court, or in the record otherwise, to indicate that the testimony in question was given any consideration in the determination of the matters in controversy.

In *Westgate* v. *Westgate,* 291 Mich. 18, in commenting on a question of this nature, it was said:

"It must be assumed, without convincing evidence to the contrary, that the court disregarded all evidence improperly admitted. The reception of any such testimony, under the circumstances, is not error which so affects the merits of the case as to be grounds for reversal. See *United Savings Bank of Detroit* v. *School District, No. 5,* 280 Mich. 419."

See, also, *Lukshaitis* v. *Lukshaitis,* 314 Mich. 426.

Complaint is also made that the court improperly excluded the cross-examination of defendant, a deputy sheriff of Wayne county, as to his earnings in transporting prisoners from Detroit to certain State institutions. Inasmuch as the amount of defendant's earnings was a proper subject of inquiry we think the testimony was competent. On the entire record before us, however, the conclusion is indicated that the amount of defendant's earnings from the source referred to was not of sufficient materiality to affect the determination of the questions involved in the proceeding. The matter is not of such serious character as to require, or justify, remanding the case in order to permit the taking of the excluded proof.

At the time of the trial the parties owned the vendees' interest in a dwelling house occupied by both. The property was purchased on land contract in November, 1941. They were designated therein as husband and wife and it is plaintiff's claim that there was a common-law marriage between herself and defendant prior to the execution of said contract. Defendant denied any such relationship, claiming, in substance, that when the property was purchased he and plaintiff had agreed that they would be married in the future, and that the contract was drawn in the form indicated at plaintiff's suggestion. It is significant that in her bill of com-

plaint plaintiff did not claim a common-law marriage, but rather alleged a ceremonial marriage in March, 1942. The performance of such ceremony indicates that the parties did not regard themselves prior thereto as husband and wife. The trial court found that in fact there was no common-law marriage, and the record fully supports the conclusion in this regard.

The decree directed the sale of the vendees' interest in the property being purchased under the land contract and an equal division of the proceeds. Plaintiff asks that the property be awarded to her, claiming that she contributed materially to its purchase. The evidence clearly establishes that each of the parties made payments on the purchase price. The trial court was fully justified in construing their respective interests therein as equal. Under the land contract, however, they did not take as tenants by the entireties but rather as tenants in common. It does not appear that the conveyance to them undertook to create a joint tenancy. Apparently the parties were under the erroneous impression that if they were designated as husband and wife they would become tenants by entireties, at least after the marriage occurred. On the record before us the conclusion cannot be avoided that each acquired an undivided one-half interest as a tenant in common. *Wright* v. *Kaynor,* 150 Mich. 7; *McNitt* v. *McNitt,* 230 Mich. 303; *Scott* v. *Grow,* 301 Mich. 226 (141 A. L. R. 819); *Collins* v. *Norris,* 314 Mich. 145. In view of the actual situation with reference to the title to the property, the decree may not properly require its sale. Statutory provisions[*] with reference to property owned by husband and wife as joint tenants, or as tenants by the entireties, have no application. Plaintiff has an undivided one-

---

[*] See 3 Comp. Laws 1929, § 12768 (Stat. Ann. § 25.133).

half interest in the property, which may not be taken from her. The decree to be entered in this Court will leave the parties tenants in common of the vendees' interest under the land contract.

Shortly before filing suit for divorce plaintiff withdrew from a bank the sum of $1,500, on deposit in a joint account in the names of plaintiff and defendant. It is her claim that her moneys had created the credit. Defendant denied this, asserting that the deposits made came from his earnings. The trial court accepted defendant's contention and in the decree directed that plaintiff pay to defendant one half the amount withdrawn by her. Plaintiff insists that such requirement is not justified by the proofs. From a careful examination of the record we think it is a fair conclusion that the deposit in question was made through the joint efforts of the parties and that neither may properly complain if their interests therein are considered as equal. In view of other provisions of the decree, particularly the division of the household furniture, the amount of the attorney fee, and also the omission to make any specific allowance to plaintiff by way of alimony or dower, we think the plaintiff should be permitted to retain the money in question. The decree will so provide.

Other objections raised by plaintiff to the decree of the trial court have been considered and determined to be without substantial merit. A decree will enter in this Court modifying the decree of the trial court in the particulars specifically referred to above and otherwise affirming it, with costs to plaintiff.

BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.