VREELAND v. SCHOOL DISTRICT NO. 2, MONGUAGON TWP.

1. SCHOOLS AND SCHOOL DISTRICTS—SPECIAL MEETINGS—NOTICE.
   Special meetings of board of education of graded school dis-
   trict are legal only when written notice thereof has been
   given or all members are present (2 Comp. Laws 1929,
   §§ 7107, 7124).

2. SAME — CONTRACTS — SUPERINTENDENT OF SCHOOLS — ILLEGAL
   MEETING.
   Contract by graded school district employing superintendent of
   schools for three years is unenforceable, where special meet-
   ing of board of education, at which said contract was au-
   thorized by majority of board, was illegal because no notice
   thereof had been given in writing and one member was
   absent (2 Comp. Laws 1929, §§ 7107, 7124).
   McDONALD, C. J., and WIEST and BUTZEL, JJ., dissenting.

Appeal from Wayne; Black (Edward D.), J., pre-
siding. Submitted April 11, 1933. (Docket No. 86,
Calendar No. 36,230.) Decided August 29, 1933.
Rehearing denied October 19, 1933.

Assumpsit by Kittie E. Vreeland against School
District No. 2, Monguagon Township, Wayne
County, for salary under an alleged teacher's con-
tract. Judgment for plaintiff. Defendant appeals.
Reversed.

*Bryant, Lincoln, Miller & Bevan* (*Frank P. Darin,*
of counsel), for plaintiff.

*Davidow & Davidow,* for defendant.

SHARPE, J. The defendant is a graded school dis-
trict. The board of education therein consists of
five members. Legal meetings may be held if writ-
ten notice thereof is given, or if all of the members

are present thereat.   2 Comp. Laws 1929, §§ 7107, 7124.   On April 2, 1928, a meeting was held at which all of the members were present.   The following appears in the minutes thereof:

"Moved by Edward Oltz and supported by John J. Knopes that Miss Kittie E. Vreeland be given superintendent.   Vote taken by roll call: John Knopes, yes; Edward Oltz, yes; Reese Vreeland, yes; A. B. Smith, no; S. L. Vreeland, not voting. Total number of votes cast—4.   3 yes, 1 no.   Miss Vreeland received majority therefore she was declared hired.   Motion carried."

On April 19th following, four of the members of the board met.   S. L. Vreeland was absent.   Business was, however, transacted thereat.   The following appears in the minutes:

"Moved by Reese Vreeland and supported by Edward Oltz, that Miss Kittie Vreeland be given a three-year contract as superintendent with a salary of $3,000 per year.   Payable monthly.   Vote taken by roll call.   Yeas, John J. Knopes, Edward Oltz, Reese Vreeland.   A. B. Smith, no.   Motion carried."

Reese Vreeland, the secretary of the board, testified that he gave the members "verbal notice" of the meeting; that it was called "to hire teachers and contract a superintendent;" that he gave a verbal notice to Samuel L. Vreeland, the absent member, and he "said he was sick and couldn't attend and whatever the board did he would sanction."   On the same day, the president, secretary, and treasurer of the board signed the contract with the plaintiff as a teacher of the school for three years at an annual salary of $3,000.

The meeting held on April 19th was not a legal one. But four members were present, and the fifth had not received a notice in writing. It was at this meeting that the term of service and the manner of payment were fixed. In my opinion the contract entered into with plaintiff is not enforceable.

In *Township Board of Beaver Creek* v. *Hastings*, 52 Mich. 528, it was held (syllabus):

"Meetings of a township board, unless duly called and notified, are not legal if not attended by all the members."

This holding was cited with approval in *Auditor General* v. *McArthur*, 87 Mich. 457; *Boyce* v. *Auditor General*, 90 Mich. 314, 324; *Lewick* v. *Glazier*, 116 Mich. 493, 498. It also applies to meetings of a board of education.

The judgment is reversed and set aside, with costs to appellant, and the cause remanded with directions to enter a judgment for the defendant.

CLARK, POTTER, NORTH, and FEAD, JJ., concurred with SHARPE, J.

WIEST, J. (*dissenting*). Plaintiff applied to the board of school district No. 2, Monguagon township, Wayne county, for the position of superintendent. The board met in two special sessions and authorized her employment under contract for the term of three years. The contract was prepared and signed by plaintiff and the president, secretary, and treasurer of the board on April 19, 1928. Plaintiff at once entered upon the duties of superintendent. One member of the board was opposed to the employment of plaintiff, and so voted. In June, 1928, an election changed the personnel of the board, and

two new members joined with the former opposer, and, on July 23, 1928, the opposer introduced and the new board, by a vote of three to two, resolved that the contract with plaintiff was illegal and that a vacancy existed, and another superintendent was employed and plaintiff forbidden to act. Sensing trouble, the board, at the same session, resolved to employ attorneys. Plaintiff made effort and found employment as a teacher at less compensation, and, at the expiration of the contract with defendant, brought this suit and had judgment, on trial before the court, for the contract compensation less what she earned in teaching elsewhere.

In behalf of defendant it is contended that the special meetings of the board were illegal because notice thereof to members was verbal and not in writing. We note that the statute, cited in support of this contention, was not enacted until three years after the special meetings, but, regardless of that fact, there is no merit in the point when, as in this instance, at the first session, all members were present, and at the second session all were present except one who excused himself on account of sickness, and they were there upon verbal notice and transacted district business, inclusive of employing plaintiff. *Township Board of Beaver Creek* v. *Hastings,* 52 Mich. 528. This is so now by statute. Act No. 54, Pub. Acts 1931, pt. 2, chap. 5, § 1.

Defendant claims the contract sued upon by plaintiff was not a valid contract because improperly executed. Its execution complies with 2 Comp. Laws 1929, § 7381.

The resolution authorized employment of plaintiff as superintendent, but the contract, as executed, mentioned her as teacher, and the point is made

that such contract was not authorized. We decline to split such a fine hair.

The court relied on the minutes of the special meetings and refused to permit the objector to supplement the record by what he said at the meetings. No matter what he said it would not affect the validity of the meetings. It is claimed that the trial court went to great lengths and far out of the record in denouncing defense witness Smith, whom we term herein the objector. The trial judge, in deciding the case, placed the blame for the litigation upon Mr. Smith. We think the trial judge right.

Plaintiff's brother was a member and secretary of the school board, and it is claimed that his action in voting for the employment of plaintiff invalidated the action of the board. Mr. Reese Vreeland was not personally interested in any way, directly or indirectly, in the contract with his sister. The point is controlled by *Thompson* v. *School District No. 1,* 252 Mich. 629 (74 A. L. R. 790).

Complaint is made of some testimony admitted and some excluded; none of which, however, had anything to do with the merits of the case, and the rulings were harmless.

We find no reversible error. The judgment should be affirmed, with costs to plaintiff.

McDonald, C. J., and Butzel, JJ., concurred with Wiest, J.