BLUE v. BOARD OF EDUCATION OF THE
COUNTY OF OAKLAND.

1. SCHOOLS AND SCHOOL DISTRICTS—FRACTIONAL DISTRICTS—TOWNSHIP DISTRICTS.

   School electors residing in fractional school districts whose schoolhouses are located without the township are not qualified to sign petition for organization of township school district (2 Comp. Laws 1929, § 7139).

2. SAME — TOWNSHIP DISTRICT — PETITION — DESCRIPTION — SIGNATURES.

   Petition to organize a township school district was not void because description may have been somewhat inaccurate, because some of the signatures were obtained thereto before a portion of the township area had been consolidated with another district outside of the township but from which area there were no electors signing the petition, where there

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am. Jur., Schools, § 16.

were an insufficient number of signatures on the petition at time of the consolidation and no complaint was filed with the county board of education prior to its approval of the petition or before the approval by the superintendent of public instruction with the consolidated area eliminated from the area to be included within the township school district (2 Comp. Laws 1929, § 7131 *et seq.*).

3. SAME — TOWNSHIP DISTRICT — PETITION — QUALIFICATIONS AND NUMBER OF SIGNERS.

Contention that petition to organize a township school district was void because it did not show on its face that the signers were legally qualified to sign it or were sufficient in number *held,* not sustained where petition recited that signatures were of qualified school electors, such fact is admitted, and county board of education passed upon the qualifications of the respective signers and determined that the petition had the requisite number of signatures (2 Comp. Laws 1929, § 7131 *et seq.*).

4. SAME—TOWNSHIP DISTRICT—ELECTION—NOTICE—FORM.

Election on question of organizing township into a single school district was not void for failure of the ballot and notice to correctly describe the territory to be included within the township school district, where the form of the question as prescribed by statute was literally complied with and while the description on the ballot referred to the area as "Southfield township" and some of the area in the township had already been detached for school purposes, such description was permissible under the statute relating to the organization of a township school district, there is no showing that anyone voting on the matter was deceived by the description in the statutory form and. trial judge found no one had been deceived or misled thereby (2 Comp. Laws 1929, § 7131 *et seq.*).

5. SAME—VALIDITY OF PROCEEDINGS TO ORGANIZE TOWNSHIP DISTRICT —SUBSTANTIAL COMPLIANCE WITH STATUTE.

In quo warranto proceedings to test the legality of proceedings taken to organize a township school district pursuant to statute, where the petition filed contained sufficient signatures, no one in excluded territory signed it, election resulted in a substantial majority voting in favor of consolidation, no showing is made that anyone had been deceived or misled by any irregularity complained of, and there has been substantial compliance with the essential

requirements set forth in the controlling statute, finding that the proceedings were valid is not reversed (2 Comp. Laws 1929, § 7131 *et seq.*).

Appeal from Oakland; Holland (H. Russel), J. Submitted January 4, 1949. (Docket No. 14, Calendar No. 44,227.) Decided February 28, 1949.

*Quo warranto* by Russell A. Arbogast, Veld E. Blue and others to compel the Board of Education of the County of Oakland to show by what warrant the Township Unit School District exists. Judgment for defendants. Plaintiffs appeal. Russell A. Arbogast withdraws. Affirmed.

*Miller, Canfield, Paddock & Stone (William B. Hartman,* of counsel), for plaintiffs.

*Archie G. Leonard,* for Township Unit School District and others.

*Harry J. Merritt,* for Board of Education of Oakland County and E. J. Lederle, Secretary of the Board.

North, J. This is a proceeding in *quo warranto* to test the legality of proceedings taken to consolidate the school districts in Southfield township, Oakland county, into a township school district, in accordance with 2 Comp. Laws 1929, §§ 7131–7171.* Plaintiffs are residents and school electors in the consolidated school district area. The trial court held against the contention of plaintiffs that the consolidation into a township school district was illegally accomplished, and plaintiffs have appealed. Incident to initiating the consolidation proceedings several

* As amended, see 2 Comp. Laws 1948, § 344.1 *et seq.* (Comp. Laws Supp. 1940, 1943, § 7131 *et seq.,* Stat. Ann. and Stat. Ann. 1947 Cum. Supp. § 15.51 *et seq.*).—Reporter.

petitions were circulated, but we shall herein refer to them collectively as the petition.

Prior to the proceedings involved herein certain portions of Southfield township had been annexed to fractional school districts wherein the schoolhouse was located outside of Southfield township. However none of the school electors residing in such fractional districts signed the petition in the instant case or voted at the election subsequently held. With the portions of Southfield township so annexed prior to the instant proceedings to school districts wherein the schoolhouse was located outside of Southfield township we are not concerned, because under the statutes about to be quoted such fractional school district areas are not considered a part of the township when the question under consideration is the formation of a township school district.

"If in such township, or as a part of such township, there are fractional school districts already organized, the schoolhouse of which is within the boundaries of the township, such fractional school districts shall be considered a part of the township for school purposes, and qualified school electors residing anywhere in such fractional school districts shall be qualified to sign the petition for or vote upon the question of the organization of the township district, but qualified school electors residing in fractional districts of the township, the schoolhouse of which is without the township, shall not be qualified to sign the petition for or vote upon the question of the organization of the township school district." 2 Comp. Laws 1929, § 7139* (Stat. Ann. § 15.59).

"Where fractional school districts have been organized heretofore the organization of the township district for school purposes shall conform to the boundaries of such school districts, and the said fractional district shall become a part of the town-

* 2 Comp. Laws 1948, § 344.9.—REPORTER.

ship district in which the schoolhouse of such district is located, and in the election of school officers said boundaries shall be recognized by the officers of the township." 2 Comp. Laws 1929, § 7146* (Stat. Ann. § 15.66.)

In *People, ex rel. Simmons,* v. *Township of Munising,* 213 Mich. 629, 634, it is said: " 'That the word "township" is used in this connection (an election concerning school district area) is intended to be synonymous with "district" further clearly appears in section 9 of the act where the words are used interchangeably.' "

However, at the inception of the circulation of the petition herein involved there was a school district area in the northeast corner of Southfield township known as district No. 1 and also as the Parker district. Circulation of the petition to call the election herein involved began February 2, 1946, and continued in circulation for obtaining signatures until November 4, 1946. In the meantime and on July 1, 1946, annexation proceedings became effective whereby this Parker district was annexed to the school district of the city of Birmingham. But here again none of the school electors residing in the Parker district signed the petition involved in this case nor did any of such school electors vote at the election herein involved. However prior to July 1, 1946, the petition with which we are herein concerned had approximately 1,229 signatures affixed thereto; and after July 1st there were added to this petition 767 signatures, making a total of 1,996 signatures on the petition at the time it was filed. Under the statute (2 Comp. Laws 1929, § 7134 † [Stat. Ann. § 15.54]) it was requisite that the petition should bear the signatures of "one-fourth of the qualified school electors of such township;" and in the instant case that

---

* 2 Comp. Laws 1948, § 344.16.—REPORTER.
† 2 Comp. Laws 1948, § 344.4.—REPORTER.

meant between 1,750 and 1,800 signatures to meet the statutory requirement. The Oakland county board of education to which the petition was referred found the petition sufficient. It was thereafter submitted to the superintendent of public instruction for his opinion as to the advisability of organizing the township school district and he approved such organization. Thereafter the county board of education called an election at which the ballot used by the voters stated the issue thus: "Shall Southfield Township Be Organized into a Single School District?" At the election the decision was for consolidation into a township school district by a vote of 1,049 to 381.

The notice given of the election for submission of the issue above quoted contained the following statement:

"Where reference is made herein to the township of Southfield, it shall be deemed to mean that area which would be included by applying the appropriate provision or provisions of chapter 4 of part 1 of the Michigan school code, as amended (obviously meaning 2 Comp. Laws 1929, §§ 7139, 7146, hereinbefore quoted), irrespective of the official boundaries of the organized township of Southfield."

Evidently as a further precaution that the voters should be amply informed, there was posted at each election booth a map in colors which clearly disclosed the area proposed to be included in the township school district; and this map excluded the Parker district. A copy of this map was also in the possession of the election inspector in each of the polling places. On the other hand there is some testimony that when some of the petitions were circulated there was attached to them a paper describing the territory proposed to be included in the new township school district, and the Parker district was

included in the description along with the other 9 school districts. However this attached paper, appearing in this record as exhibit K, was obviously intended as a guide with instructions therein stated as to the qualifications requisite to signing the petition and the proper method of executing the same. The Parker district was therein referred to rather obscurely and only by number, including it as district No. 1 along with the numerals designating the other 9 districts.

Appellants' first contention is that the petition was void because it did not more accurately describe the exact area to be included in the township school district. Notwithstanding some irregularities, our review of this record brings the conclusion that the discrepancy was not of such a character as to have misled the signers of the petition. It is only fair to assume that each signer of the petition, none of whom resided in the Parker district, attached his or her signature because of a desire to have the school district in which such signer resided embodied in a township school district. Nor can we conclude that the petition was void because many of the signatures were attached prior to the time the Parker district was detached for school purposes from Southfield township. As hereinbefore noted, prior to the time that the present proceedings were instituted a substantial area of Southfield township had been annexed to school districts outside of Southfield township, and in consequence could not be included in the township district which it was proposed to establish. On this account it seems reasonable that the signers of this petition in which school electors in the Parker district did not join, must have had in mind that in the event the Parker district was consolidated with a school district in another township, it could not be included in the area ultimately constituting the Southfield township school district. Further, had

the attitude of any of the signers of the petition been altered by reason of the Parker district having been taken out of Southfield township, such signers of the petition had ample opportunity between July 1, 1946, and the following November, when the petition was acted upon by the board of education, to advise such board that if and when the petition was presented the signatures of any such dissatisfied person or persons should be stricken. So far as the record discloses there was no such application or notice.

While it is in the portion of the school code having to do with the organization of rural agricultural school districts (2 Comp. Laws 1929, § 7180* [Stat. Ann. § 15.100]), it may be noted in this connection that when the petition for organizing such a district is referred to the superintendent of public instruction he is given by statute the power to eliminate any of the school districts included in the petition to create the rural agricultural school district; but obviously the legislature did not contemplate that such elimination of part of the territory described in the petition should invalidate the petition for calling the election. In the instant case, after the elimination of Parker district, the formation of the township school district was approved by the superintendent of public instruction. Under the facts and circumstances of this record we are not in accord with appellants' contention that the petition was void because it did not more accurately describe the territory to be included in the township district or that the petition was rendered void because part of the signatures thereto were obtained prior to the time of the elimination of the Parker district area.

Another contention of appellants is that the petition was void "because it does not show on its face that the signers are legally qualified to sign, or are

---

* 2 Comp. Laws 1948, § 345.9.—REPORTER.

sufficient in number." This contention cannot be sustained because the petition to which the signatures were attached recited that they were "qualified school electors of Southfield township," and it is admitted that the petition bore no signatures except those of qualified school electors in the area sought to be embodied in the township school district. The board of education to which the petition was referred for its sufficiency in the exercise of its duties obviously passed upon both the qualifications of the respective signers and determined that the petition had the requisite number of signatures, which latter determination is not challenged in this record.

The remaining question presented in appellants' brief is stated as follows:

"Is the election void because the ballot and notice did not correctly describe the territory to be included in the township school district?"

This question must be answered in the negative. The statute (2 Comp. Laws 1929, § 7137* [Stat. Ann. § 15.57]) prescribes the form of the question to be submitted on the ballots, and there was literal compliance with the statutory requirement. We do not overlook the fact that the area to be included in the new district was described on the ballot as Southfield township, nonetheless under the statutes hereinbefore quoted it was permissible for the purpose of this election to refer to the area as Southfield township, notwithstanding portions of the township had already been detached for school purposes and that only the remaining township area would be included in the so-called Southfield township school district. There is no showing in the record that anyone was deceived by the description on the ballots in statutory form; and it would be difficult to conclude that

---

* 2 Comp. Laws 1948, § 344.7.—REPORTER.

there could have been any deception in view of the fact, as hereinbefore stated, that the election notices plainly disclosed that:

"Where reference is made herein to the township of Southfield, it shall be deemed to mean that area which would be included by applying the appropriate provision or provisions of chapter 4 of part 1 of the Michigan school code, as amended, irrespective of the official boundaries of the organized township of Southfield."

In the opinion filed by the trial judge in this case he said:

"From a study and consideration of the entire record made in this case, the court believes, and therefore finds as a matter of fact, that no elector or electors were in any way deceived or misled by the several things complained of by the relators and plaintiffs, nor was the outcome of the election thereby affected."

And further in the opinion of the trial judge in support of his conclusion just above noted, he quoted from former decisions of this Court, among them the following:

"We are here dealing with an election which is past and asked to declare it void because a particular detail of the law relative to notice has not been strictly observed, without any showing that thereby any elector was deprived of his right to vote or in any way misled or that the result was affected by the irregularity complained of. The validity of an election does not involve the technical question of jurisdiction as in a case where the court is acting judicially between litigating parties. Conceding as mandatory the statutory requirements that general notice of time, place and purpose of a special election be given the public by posting and publishing for the times and in the manner outlined, the essen-

tial requirements to that end have been substantially complied with." *Hulan* v. *Township of Greenfield*, 229 Mich. 273, 280.

In arriving at decision herein we have in mind decisions of courts in other jurisdictions, particularly Mississippi, which are stressed by appellants. However we are not advised that in such jurisdictions there are statutory provisions comparable to those in this State which are applicable to litigation of the character here involved, particularly statutory provisions of the character hereinbefore quoted. And further our reading of the Mississippi decisions discloses that in certain of them decision turned upon the fact that the circulated petitions contained no description whatever of the area proposed to be included in the district to be formed, and in others after the petitions had been circulated an attempt was made to include in the newly established district territory not included in the description in the petition. In any event we do not find justification in such decisions for reversing the judgment of the trial court in the instant case. The judgment entered in the circuit court is affirmed.

Sharpe, C. J., and Bushnell, Boyles, Reid, Dethmers, Butzel, and Carr, JJ., concurred.