RUTTER *v.* HANDY #1 FRACTIONAL SCHOOL
DISTRICT BOARD.

1. SCHOOLS AND SCHOOL DISTRICTS—TRANSFER OF TERRITORY—APPEAL
TO STATE BOARD OF EDUCATION.

Statutory abeyance of effectiveness of county board of education's resolution because of appeal therefrom to the State board of education on matter of transfer of territory from one district to another defers the effectiveness of the transfer but neither prohibits nor denies validity to the approving election held in the interim (CLS 1956, § 340.467).

2. SAME—TRANSFER OF TERRITORY—ELECTIONS—COUNTY BOARD OF
EDUCATION.

A resolution of the county board of education transferring territory from one district to another was not defective because it failed to set a date for election to be held on the matter, since the pertinent statute does not require such board to call or fix the date of the election (CLS 1956, §§ 340.461–340.467).

3. SAME—TRANSFER OF TERRITORY—EFFECTIVE DATE.

The effective date for the transfer of territory from one school district to another is when electors voting on the matter have approved it pursuant to statutory annexation provisions, hence, resolution of county board of education was not defective for failure to determine the effective date of the transfer (CLS 1956, § 340.431).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur, Schools §§ 23, 25.
Constitutionality and construction of statute which leaves to determination of private individuals the boundaries of territory to be erected into a school district, or to be added to or detached from an existing district. 70 ALR 1062.
[2–5] 47 Am Jur, Schools § 23.

4. Same—Annexation—Posting of Election Notices—District Board.

Annexation of portion of one school district to another was not defective by reason of the fact that election notices were posted by the president of the district board instead of its secretary or because the district board had not determined the time and place of the special election, where the action of the president merely implemented the action which had been taken by the district board, 60 of the 66 voters did vote at the election, and result could not have been changed if the other 6 voters had voted (CLS 1956, §§ 340.461–340.467).

5. Elections—Irregularities—Directory Statutes.

Irregularities by election officials or their failure to comply with the pertinent statute's directory provisions will not be held to invalidate an election without a showing that any elector was thereby deprived of his right to vote or in any way misled or prejudiced or that the result was thereby affected or changed (CLS 1956, §§ 340.461–340.467).

Appeal from Livingston; Carland (Michael), J. Submitted October 13, 1959. (Docket No. 69, Calendar No. 48,125.) Decided April 12, 1960.

Bill by Arthur Rutter and others against Board of Education of Handy #1 Fractional School District, originally to restrain election, with action continued thereafter attacking validity of proceedings transferring and merging a portion of school district. Bill dismissed. Plaintiffs appeal. Affirmed.

*E. Reed Fletcher,* for plaintiffs.

*Stanley Berriman,* for defendant.

Dethmers, C. J. Challenged by plaintiffs are the proceedings and election for transfer of a portion of Handy #1 Fractional School District in Livingston county to the Howell School District. From circuit court order dismissing their bill of complaint they appeal here.

The statutory provisions governing such transfer are to be found in CLS 1956, §§ 340.461–340.467 (Stat Ann 1959 Rev §§ 15.3461–15.3467).

Proceedings were initiated by resolution of the Handy #1 Fractional School District Board, adopted June 7, 1958, requesting the Livingston county board of education to make the transfer. On June 19, 1958, the county board adopted a resolution directing the transfer and an election thereon in the district, to be held not less than 10 nor more than 15 days from that date. It did not fix the date upon which the transfer was to become effective. The district board set July 2, 1958, as the date for the election and posted notices thereof on June 24th. On June 26th plaintiffs, electors and property owners in the portion of the district not to be transferred under the resolution of the county board, appealed from the latter to the State board of education. On that same date plaintiffs filed their bill of complaint in this cause, seeking to enjoin the election. Although no temporary injunction issued, these actions by plaintiffs caused the district board to refrain from holding the election on July 2d.

On August 21, 1958, the district board met and adopted a motion as follows:

"if it is found the election can be held, that the posting and other preparations be done as soon as possible. That the polls be opened 3 hours from 6 till 9 p. m. on whatever day the election falls."

On August 27th 2 of the 3 district board members, namely, the president and secretary, met in the office of the county superintendent of schools and were advised that the appeal to the State board had been denied. The president, believing that they then were free to do so, insisted on setting a date for the election and posting notices thereof in accord with their mentioned action of August 21st. The secretary dis-

agreed and refused to sign proposed notices of such election. Thereupon the president signed and posted the notices calling for an election on September 3, 1958.

On September 3d the election was held pursuant to the posted notices. As stated in the trial court's opinion, it is conceded that on that date there were 66 eligible voters and 60 of them cast their ballots. Eight spoiled ballots were cast. Of the remaining 52 cast, 31 were for and 21 against the transfer.

On September 4th plaintiffs again appealed to the State board of education. On September 26, 1958, the State board considered plaintiffs' appeal and confirmed the county board's action directing the transfer.

Plaintiffs urge that the election of September 3d was unlawful because the State board had not yet acted upon the appeal of June 26th. They quote from CLS 1956, § 340.467 (Stat Ann 1959 Rev § 15.3467), the following:

"Such appeal shall have the effect of holding the effectiveness of the resolution from which appealed in abeyance until the appeal is acted upon by the State board of education."

It is clear that the quoted statutory language providing that the effectiveness of the county board's resolution directing the transfer shall be held up until the State board has acted on the appeal therefrom, means that the transfer shall not become effective until that time. It does not prohibit or deny validity to the approving election held in the interim.

Defects in the proceedings stressed by plaintiffs are:

(1) That the resolution of the county board, adopted on June 19th, did not provide for the election to be held on September 3d. The statute does

not require that the county board shall call or fix the date of the election.

(2) That the county board's resolution did not determine the effective date of the transfer as provided in CLS 1956, § 340.465 (Stat Ann 1959 Rev § 15.3465). We think the effective date should be deemed to be the date when approved by the electors. This is specifically provided in CLS 1956, § 340.431 (Stat Ann 1959 Rev § 15.3431), with respect to the annexation of one district by another.

(3) That the district board did not, at its August 21st meeting, determine the time and place for the special election held on September 3d and the secretary did not post the notices thereof as provided in CLS 1956, § 340.36 (Stat Ann 1959 Rev § 15.3036), but, instead, the president alone, on August 27th, determined the time and place for the election and posted the notices therefor. However, the district board, at its August 21st meeting, had determined to hold and post notices of such election "as soon as possible." From this it is clear that the president, on August 27th, was merely implementing what the board had determined on August 21st.

Plaintiffs contend that the district board never had jurisdiction to hold the election because the above mentioned defects prevented it from having been acquired either by the June 19th resolution of the county board, the August 21st meeting of the district board, or the August 27th meeting of 2 members of the district board. In *Carnes* v. *Livingston County Board of Education,* 341 Mich 600, 605, we quoted with approval from *Hulan* v. *Township of Greenfield,* 229 Mich 273, 280, that, "The validity of an election does not involve the technical question of jurisdiction." Rather, the question is whether the statutory provisions governing the proceedings and election here involved must, after the election approving the transfer, be deemed mandatory or

directory. In *Carnes* we said the action of the board was merely ministerial, setting in motion the machinery for the election. We held the provisions of the statute for conducting the proceedings and election to be "directory" and that technical failure to comply therewith should not be permitted to disenfranchise the electors or to set their votes at naught when, as here, there is no reason to conclude that the will of the majority of the electors has been thwarted. We have consistently held, as we did in *Carnes*, that irregularities by officials or their failure to comply with statutes' directory provisions will not be held to invalidate an election without a showing that any elector was thereby deprived of his right to vote or in any way misled or prejudiced or that the result was thereby affected or changed. *Rosenbrock* v. *School District No. 3,* 344 Mich 335; *Richey* v. *Monroe County Board of Education,* 346 Mich 156; *Connine* v. *Smith,* 190 Mich 631; *Attorney General, ex rel. Miller,* v. *Miller,* 266 Mich 127 (106 ALR 387); *Thompson* v. *Cihak,* 254 Mich 641; *Adsit* v. *Secretary of State,* 84 Mich 420 (11 LRA 534). Here 60 of the 66 eligible voters voted. If the remaining 6 had voted adversely, the result would not have been changed. No fraud or deception is shown or claimed. Under such circumstances and the decisions in the above cited cases the election must be upheld and the transfer held lawful.

Affirmed. Costs to defendant.

Carr, Kelly, Smith, Black, Edwards, and Kavanagh, JJ., concurred.

Souris, J., took no part in the decision of this case.