Jimmy L. DAVIS, Petitioner-Appellant,

v.

George A. KROPP, Warden, State Prison of Southern Michigan, Respondent-Appellee.

No. 15614.

United States Court of Appeals
Sixth Circuit.

Jan. 4, 1965.

Jimmy L. Davis, in pro. per.

Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., George E. Mason, Asst. Atty. Gen., Lansing, Mich., on brief for appellee.

Before MILLER and EDWARDS, Circuit Judges, and BROOKS, District Judge.

PER CURIAM.

Appellant Jimmy L. Davis was convicted for unarmed robbery in the Recorder's Court for the City of Detroit. His application for leave to file a delayed motion for a new trial was denied and the Supreme Court of Michigan refused leave to appeal. The United States Supreme Court denied certiorari, 371 U.S. 942, 83 S.Ct. 324, 9 L.Ed.2d 276. A petition for a writ of habeas corpus was then filed in the United States District Court for the Eastern District of Michigan, Southern Division, and was dismissed without a hearing. Appellant's application for a certificate of probable cause was also denied as was a similar application made to a member of this Court. However, appellant made a further application to The Honorable Potter Stewart, Associate Justice of the United States Supreme Court, and a response was filed by the Attorney General of Michigan. The certificate was granted and it recited that appellant's application for a writ of habeas corpus had been denied "without hearing and without examination of the trial transcript" and cited Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The principal constitutional error alleged and relied upon by the appellant is that the State Court permitted a confession to be used at the trial which had been obtained by coercion during 55 hours of illegal detention. This is a fact which, if true, would be a deprivation of appellant's constitutional rights and entitle him to relief. Townsend v. Sain, supra; Reck v. Pate, 367 U.S. 433, 81 S.Ct. 1541, 6 L.Ed.2d 948 (1961); Blackburn v. Alabama, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960). This claim is controverted in the opinion and order of the trial judge denying appellant's application for leave to file a delayed motion for a new trial and for a writ of habeas corpus by the statement that the appellant "made no confession" at his trial. Appellant insists, however, that the trial transcript will support the fact that a coerced confession was introduced in evidence.

Under these circumstances, it would appear to be the better practice to examine the transcript if one is available to determine whether a confession was introduced in evidence. In the event a transcript is not available it may be necessary to have a hearing. See Townsend v. Sain, supra; Chessman v. Teets, 350 U.S. 3, 76 S.Ct. 34, 100 L.Ed. 4 (1955); Downey v. United States, 67 App.D.C. 192, 91 F.2d 223 (1937).

The order appealed from is vacated and this cause is remanded for proceedings consistent with this opinion.