**Jimmy L. DAVIS, Petitioner-Appellant,**

v.

**George A. KROPP, Warden, Respondent-Appellee.**

**No. 16838.**

United States Court of Appeals
Sixth Circuit.

Dec. 8, 1966.

Jimmy L. Davis, in pro. per.

Frank J. Kelley, Atty. Gen., George E. Mason, Asst. Atty. Gen., Robert A. Derengoski, Sol. Gen., Lansing, Mich., for appellee.

Before O'SULLIVAN and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

EDWARDS, Circuit Judge.

Appellant appeals from a denial of his petition for a writ of habeas corpus by a District Judge in the Eastern District of Michigan. This is the second appeal to this court pertaining to postconviction collateral attacks upon his conviction after a jury trial in Detroit's Recorder's Court on a charge of robbery unarmed. Appellant was sentenced on July 28, 1960, to a term of five to fifteen years.

Subsequently, he filed a delayed motion for a new trial and a petition for a writ of habeas corpus in Detroit's Recorder's Court, both of which were denied. Subsequently, September 7, 1962, the Michigan Supreme Court denied appellant's application for leave to appeal, and thereafter the United States Supreme Court denied Davis' petition for a writ of certiorari. Davis v. Michigan, 371 U.S. 942, 83 S.Ct. 324, 9 L.Ed.2d 276 (1962).

Appellant was arrested at 3:45 a. m. on April 14, 1960, after Detroit police officers on patrol noticed a person draped unconscious over the hood of a parked car in an alley and subsequently saw a man run away from the scene. Appellant was chased by a police officer and was arrested and searched, whereupon the police officer found a man's wrist watch in the arrested man's pocket. On appellant being brought back to the vicinity of the man who had been draped unconscious on the hood of the car, this individual began to shout, "That's the man, that's the man." This recital of facts was presented to the jury at the Recorder's Court trial. As the transcript of that trial reviewed by the United States District Judge clearly demonstrates, testimony pertaining to this view of the facts was given by police officers who were witnesses and by the victim of the alleged unarmed robbery. Defendant himself did not testify at the trial. He was represented by court-appointed counsel.

Appellant's first effort to attack his state conviction collaterally in the federal courts was met by a denial of his petition for writ of habeas corpus without hearing. This was reversed by this court in a per curiam opinion, Davis v. Kropp, 339 F.2d 845 (C.A. 6, 1965), in which, after outlining the circumstances, the court said:

"Under these circumstances, it would appear to be the better practice to examine the transcript if one is available to determine whether a confession was introduced in evidence. In the event a transcript is not available it may be necessary to have a hearing." Davis v. Kropp, supra 339 F.2d at 846.

It is clear on this appeal that the District Judge has both examined the transcript of the Recorder's Court trial and conducted a hearing. After such proceedings, he entered a formal written opinion in which he held that the statements of appellant testified to by police officers either at the scene or subsequently in custody were not "confessions."

While the District Judge cited good authority for the proposition that statements which did not admit guilt were not "confessions," we do not rely on this distinction in view of the very recent treatment of this same problem by the United States Supreme Court in Miranda v.

State of Arizona, 384 U.S. 436, 477, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Appellant's appeal to this court argues that such statements as were taken from him both at the scene and subsequently in custody violated his constitutional rights because he had not previously been furnished a lawyer or warned of his constitutional rights. He urges Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), as authority for the proposition that these facts rendered the statements inadmissible upon constitutional grounds. Whatever merit this argument might have, this trial was concluded July 28, 1960, considerably before the Supreme Court decision in Escobedo v. State of Illinois, supra, and that court has now held that the *Escobedo* rule is not retroactive. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). We have reviewed this record against the standards set forth in Davis v. State of North Carolina, 384 U.S. 737, 740–742, 86 S.Ct. 1761, 16 L.Ed. 2d 895 (1966), and conclude, as we believe the District Judge did, that no involuntary confessions were admitted in evidence at the Recorder's Court trial.

Nor do we believe that this record demonstrates any federal constitutional violations by admission of statements from appellant which were coerced by illegal detention.

The Mallory rule (Rule 5(a) Fed.R. Crim.P.) is, of course, directly applicable to the federal jurisdiction rather than to the states. Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). But Michigan has provided a similar rule by its own statutes requiring presentation of a prisoner before a judge "without unreasonable delay." Mich. Comp.Laws §§ 764.13, 764.26 (1948); see People v. Hamilton, 359 Mich. 410, 102 N.W.2d 192 (1960).

Appellant has presented to the Michigan Supreme Court his claim that his statements were produced by detention which was illegal under the statutes of the State of Michigan and the Michigan

Supreme Court denied his application for leave to appeal on September 7, 1962.

We have reviewed the entire record and transcript of appellant's Recorder's Court trial and conclude, as did the District Judge, that appellant's claim of denial of competent counsel is without support in this record.

Appellant's counsel at trial was the third appointed for him. Both the trial judge and the District Judge made note of his experience and competence.

This record demonstrates that appellant was most assuredly a difficult client to represent.

Affirmed.