**In re William Joe JOHNSON, Petitioner.**

**Civ. A. No. 6097.**

United States District Court
E. D. Tennessee, N. D.

Oct. 30, 1967.

---

1. This was represented to have been about $205.00.

## MEMORANDUM AND ORDER

ROBERT L. TAYLOR, Chief Judge.

Before the Court for consideration is William Joe Johnson's motion for writ of habeas corpus.

A similar petition was before the Sixth Circuit Court of Appeals for Davidson County, Tennessee when an evidentiary hearing was held by Judge James M. Swiggart. The petition in that case recited that four previous petitions had been filed.

Following an evidentiary hearing in Nashville, the Court, after making findings of fact and conclusions of law with respect to each ground urged in support of the petition, dismissed it on the merits. The transcript of the testimony introduced at that hearing is made an exhibit to the answer in this case and has been carefully examined by the Court. The contentions made in that hearing are substantially the same as those made in the petition under consideration.

■ The first ground relied upon by petitioner as a basis for the writ is that he was arrested without a warrant. He testified that he did not see any warrant. The record was silent as to whether a warrant was issued. However, under Tennessee law, an arrest may be made without a warrant where a felony has been committed and there is reasonable cause for believing the person arrested to have committed it. T.C.A. § 40–803(3).

Petitioner was convicted in the State Court on a valid indictment returned by a grand jury and whether a warrant was issued by a sessions judge prior to his arrest would not be a violation of a constitutional right that would entitle him to relief in this case. McCord v. Henderson, Warden, C.A.6, October 25, 1967, 384 F.2d 135.

■ The second ground is that petitioner was interrogated by officials of Montgomery County following his arrest when his counsel was not present. It was not shown that petitioner made any admission at the time he was examined or that any evidence was used against

him as a result of the interrogation at his trial on the merits. It was not shown that he was deprived of any of his constitutional rights in this regard.

The decisions in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977(1964) and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) would not apply to the present case. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 and Davis v. Kropp, 6 Cir., 369 F.2d 342.

■ The third ground is that defendant was denied due process because he was not furnished with a copy of the warrant charging him with the offense of rape or with a list. of the persons summoned for the petit jury. He was represented by three experienced and able attorneys but he does not charge that any request was made by them for these documents. Nor does he charge that he was not furnished with a copy of the indictment. The allegations under this ground are not sufficient under the circumstances shown in the record in this case to show a violation of a constitutional right.

■ The fourth ground is that petitioner was not confronted face to face with the accuser at the General Sessions Court hearing which bound him over for the action of the grand jury. The Tennessee constitution does not require a preliminary hearing. Dillard v. Bomar, 342 F.2d 789 (C.A.6); State ex rel. Weston v. Henderson, Warden, Tenn., 413 S.W.2d 674. Tennessee law requires the committing magistrate to bind the accused to the grand jury when the grand jury is in session. No hearing is held unless the accused pleads guilty. T.C.A. § 40–402. Petitioner was confronted by witnesses at the preliminary hearing. This ground of the motion is without merit.

■ The fifth ground charges that the jury commissioners of Montgomery County intentionally and systematically excluded Negroes from the grand jury and petit jury which indicted and con-

victed him. The state trial judge found that this contention was not sustained by the proof. An examination shows that the findings of the state trial judge were supported by the record. Reams v. Davis, 6 Cir., 333 F.2d 430. There is no proof in the record that there was purposeful discrimination in the selection of jurors in Montgomery County. See Swain v. State of Alabama, 380 U.S. 202, 205, 85 S.Ct. 824, 13 L.Ed.2d 759.

■ The sixth ground asserts that petitioner was convicted pursuant to an invalid statute on the ground that the Legislature that passed it was improperly apportioned. This question was decided adversely to the contention of petitioner in the cases of Dawson v. Bomar, 6 Cir., 322 F.2d 445 and Horton v. Bomar, 6 Cir., 335 F.2d 583.

■ Petitioner also contends that the corpus delicti was not established. This involves a question of the evidence that was introduced in the trial on the merits. Habeas corpus is not the proper procedure to raise a question of evidence. Gemmel v. Buchkoe, 358 F.2d 338 (C.A. 6).

■ The seventh ground is that petitioner was deprived of his right of appeal. Petitioner, as previously indicated, was represented by attorneys Hollinsworth, Looby and Williams. The records shows that these are qualified and experienced attorneys, two of them, Looby and Williams, have appeared in this Court and are recognized by this Court as experienced attorneys. Mr. Looby testified at the evidentiary hearing. He stated that he was privately employed and that he and his colleagues used their sound discretion in not appealing. Failure to appeal by private attorneys is not chargeable to the State as held by the State Supreme Court, State ex rel. Johnson v. Heer, 412 S.W.2d 218, and as has been held by our Sixth Circuit Court of Appeals under the Fourteenth Amendment. The Supreme Court of Tennessee quoted the following language from a decision of the Sixth Circuit in the case of Davis v. Bomar, 344 F.2d 84, as follows:

"When counsel is retained by a defendant to represent him in a criminal case he acts in no sense as an officer of the state. For while he is an officer of the court his allegiance is to his client whose interests are ordinarily diametrically opposed to those of the state. It necessarily follows that any lack of skill or incompetence of counsel must in these circumstances be imputed to the defendant who employed him rather than to the state, the acts of counsel thus becoming those of his client and as such so recognized and accepted by the court unless the defendant repudiates them by making known to the court at the time his objection to or lack of concurrence in them. A defendant cannot seemingly acquiesce in his counsel's defense of him or his lack of it and, after the trial has resulted adversely, have the judgment set aside because of the alleged incompetence, negligence or lack of skill of that counsel." p. 220

The Court concludes that petitioner's failure to appeal does not entitle him to a writ of habeas corpus.

■ The eighth and final ground is that petitioner's constitutional rights were violated because Judge Spencer was not commissioned by the Governor pursuant to Section 17–222 T.C.A. This contention is without merit since state judges may interchange with each other by virtue of Section 17–207 T.C.A. Judge Spencer presided over the case at the request of Judge Hudson who was ill.

Having carefully considered petitioner's petition for writ of habeas corpus and each ground urged in its support and being of the opinion that it is lacking in merit, it is, therefore, ordered that the petition be, and same hereby is, denied.

See: Barker v. State of Ohio, 6 Cir., 330 F.2d 594; Crockett v. Haskins, 6 Cir. 372 F.2d 475.