*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HIGHLAND PARK CHARTER COMMISSION, ALEXIS RAMSEY, MARIAN KRAMER, AND LINDA WHEELER, also known as LINDA WELLER,

UNPUBLISHED
August 29, 2019

Plaintiffs-Appellees,

v

No. 347372
Wayne Circuit Court

CITY OF HIGHLAND PARK and HIGHLAND PARK CITY CLERK,

LC No. 18-008216-AW

Defendants-Appellants.

Before: RONAYNE KRAUSE, P.J., and METER and STEPHENS, JJ.

PER CURIAM.

Defendants, the city of Highland Park and the Highland Park City Clerk, appeal as of right an order granting summary disposition to plaintiffs, the Highland Park Charter Commission, Alexis Ramsey, Marian Kramer, and Linda Wheeler, also known as Linda Weller; and granting defendant Highland Park City Clerk's motion to show cause. This matter arises out of various difficulties encountered during the process of attempting to review and revise Highland Park's city charter. The outcome of the proceedings below resulted in plaintiffs obtaining a writ of mandamus requiring defendants to place a proposed revised city charter on the ballot, which was presented to the voters on May 7, 2019. The voters adopted the revised charter. We therefore dismiss this appeal as moot.

Without addressing the merits of defendants' appeal, the gravamen of their argument is that plaintiffs failed to comply with a number of statutorily-mandated procedural requisites to placing the revised charter on a ballot. Presuming all of defendants' allegations to be true, no motion for stay was filed in this Court, and the fact is that the election has occurred and the voters have adopted the revised charter. Courts do not address moot issues, and a matter becomes moot if it becomes impossible for a court to craft a remedy with any practical effect. *TM v MZ*, 501 Mich 312, 317; 916 NW2d 473 (2018); *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). The Courts are generally not empowered to interfere with

-1-

the will of the people expressed in an election, even if the election was illegal or the result of fraudulent conduct by officials, possibly unless the votes themselves were fraudulent. See *Attorney General v Miller*, 266 Mich 127, 132-133, 146-150; 253 NW 241 (1934); *Carnes v Livingston Co Bd of Ed*, 341 Mich 600, 604-606; 67 NW2d 795 (1954); *Stamos v Genesee Bd of Canvassers*, 46 Mich App 636, 640-646; 208 NW2d 551 (1973); see also *Senior Accountants Ass'n v City of Detroit*, 218 Mich App 263, 269-270; 553 NW2d 679 (1996). There being no allegation or indication that the voters themselves committed any improprieties by casting their votes, we conclude that we do not have the power to rescind the election.

We are mindful that although the parties admitted at oral argument that the election had occurred, which is a matter of public record that we have verified, no party has actually advanced a mootness argument. Our Supreme Court has cautioned us that depriving parties of their day in court *sua sponte* must be reserved only for the most glaringly obvious scenarios. *Paquin v City of St. Ignace*, ___ Mich ___, ___ n 4; ___ NW2d ___ (2019) (Docket No. 156823, slip op at pp 5-6). *Paquin* also involved questions about placing a matter before the voters by including it on a ballot. *Id*. at ___ (slip op at pp 2-3). The majority of the Supreme Court was untroubled by the election having already occurred; however, *Paquin* involved a claim for declaratory judgment that the majority concluded would have relevance to the plaintiff in the future. *Id*. at ___ n 4 (slip op at pp 5-6). The Supreme Court majority appears to have tacitly agreed with Justice MARKMAN's dissent insofar as he pointed out that after the election had occurred, it was literally impossible to place the matter on the ballot for that particular election.[1] *Id*. (BERNSTEIN, J., majority opinion)*; id*. at ___ (dissenting slip op at p 6) (MARKMAN, J., dissenting). We likewise agree, and we are unpersuaded that the instant matter presents us with any issues of law that will continue to hold relevance for the parties.

Even if we were to accept defendant's arguments at face value, this is not a case in which we can "unring the bell." Rather, we conclude that this presents an obvious and inescapable situation in which it is impossible for us to craft a remedy for defendants. Therefore, we are constrained to dismiss this matter as moot.

Dismissed. We direct that the parties shall bear their own costs. MCR 7.219(A).

/s/ Amy Ronayne Krause
/s/ Patrick M. Meter
/s/ Cynthia Diane Stephens

---

[1] Importantly, the plaintiff in *Paquin* sought relief directly pertaining to future elections in addition to the election that had already occurred. *Paquin*, ___ Mich at ___ n 4 (slip op at p 6). We perceive no similar future relevance here. Furthermore, this case is also distinguishable from *Paquin* because *Paquin* involved the interpretation of a constitutional provision, prior reliance upon a formal Attorney General opinion, and criminal conduct committed by the plaintiff in his capacity as a high-ranking law enforcement officer.